**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

---------------------------------------------------------- x

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| FAT BRANDS INC., *et al.*, | : | Case No. 26-90126 (ARP) |
| | : | |
| Debtors.[1] | : | (Joint Administration Requested) |
| | : | |

---------------------------------------------------------- x

**FIRST OMNIBUS MOTION OF DEBTORS FOR ENTRY OF AN ORDER
(I) AUTHORIZING THE DEBTORS TO (A) REJECT CERTAIN UNEXPIRED
LEASES AND (B) ABANDON CERTAIN REMAINING PERSONAL PROPERTY
IN CONNECTION THEREWITH; AND (II) GRANTING RELATED RELIEF**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **Parties receiving this motion should locate their names and their leases in the chart attached to the proposed order as Exhibit 1.**

The above-captioned debtors and debtors in possession (collectively, the "***Debtors***") respectfully state as follows in support of this motion (this "***Motion***"):

## RELIEF REQUESTED

1. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto (the "***Proposed Order***"): (i) authorizing the Debtors to (a) reject certain unexpired leases, including any agreements, master leases, subleases, riders, schedules, certificates,

---

[1] A complete list of the Debtors in the Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number (if applicable) may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/FATBrands-TwinHospitality. The Debtors' mailing address for purposes of the Chapter 11 Cases is 9720 Wilshire Blvd., Suite 500, Beverly Hills, CA 90212.

US-DOCS\167045840

memoranda, amendments, supplements, guaranties, and any other documents related thereto, each as set forth on **Exhibit 1** to the Proposed Order (collectively, the "***Leases***" and, the counterparties to the Leases, collectively, the "***Landlords***"), effective as of the Petition Date (as defined below) (the "***Rejection Effective Date***"), and (b) abandon certain remaining personal property that may be located at the Premises (as defined below); and (ii) granting related relief.

## JURISDICTION AND VENUE

2.      The United States Bankruptcy Court for the Southern District of Texas (the "***Court***") has jurisdiction to consider this Motion under 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court may enter a final order consistent with Article III of the United States Constitution.

3.      Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

4.      The statutory and legal predicates for the relief requested herein are sections 105, 365, and 554 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "***Bankruptcy Code***"), rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "***Bankruptcy Local Rules***"), and the Procedures for Complex Cases in the Southern District of Texas (the "***Complex Case Procedures***").

## BACKGROUND

5.      On January 26, 2026 (the "***Petition Date***"), the Debtors filed voluntary petitions in this Court commencing cases for relief under chapter 11 of the Bankruptcy Code (collectively, the "***Chapter 11 Cases***").  The Debtors continue to operate their businesses and manage their properties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee has been appointed in the Chapter 11 Cases.

2

6. Contemporaneously with the filing of this Motion, the Debtors filed a motion requesting joint administration of the Chapter 11 Cases, for procedural purposes, pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1.

7. FAT Brands Inc., Twin Hospitality Group Inc., and their Debtor subsidiaries (collectively, the "***Company***") comprise a leading multi-brand restaurant company that develops, markets, acquires, and manages quick-service, fast casual, casual dining and polished casual dining restaurant concepts around the world. With approximately 7,500 direct full-time and part-time employees, eighteen restaurant brands, and approximately 2,200 locations open or under construction (including over 150 Company-owned restaurants and over 1,900 franchised locations), the Company is one of the largest restaurant companies in the United States by number of locations.

8. The factual background regarding the Debtors, including their business, their capital structure, and the events leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of John C. DiDonato in Support of Debtors' Chapter 11 Petitions and First Day Relief* (the "***First Day Declaration***"), filed contemporaneously herewith and incorporated herein by reference.[2]

<u>**REJECTION OF LEASES**</u>

9. The Debtors are party to franchise agreements with 704 franchisees who operate approximately 2,000 franchise restaurants across the world. For certain brands—including Fazoli's, Hot Dog on a Stick, FAT Burger, Smokey Bones, Johnny Rockets, Yalla Mediterranean,

---

[2] Capitalized terms used but not otherwise defined herein have the meaning assigned to them in the First Day Declaration.

and Twin Peaks—the Debtors directly own and operate restaurant locations.  As of the Petition Date, the Debtors directly own and operate over 150 restaurants.

10.     An important component of the Debtors' long-term business strategy is the closure of certain Debtor-owned locations across their portfolio of restaurants (the "*Premises*") and the rejection of the associated Leases.  The Debtors and their advisors have undertaken an extensive analysis of their unexpired lease portfolio and have determined, in their business judgment, based on a number of factors including, but not limited to, the current lease terms and business needs, that the Leases are unnecessary and burdensome to the Debtors' estates and should be rejected effective as of the Rejection Effective Date.  Indeed, as of the Petition Date, the Debtors have already vacated each of the Premises.  By rejecting the Leases, the Debtors will avoid the accrual of unnecessary administrative expenses with no foreseeable benefits to the Debtors' estates.  As of January 1, 2026, the Debtors are obligated to pay a total of approximately $492,505 per month in base rent on account of the Leases the Debtors intend to reject by this Motion.

**ABANDONMENT OF ANY REMAINING PROPERTY**

11.     The Debtors believe they have removed all or substantially all of their personal property from the Premises as of the Rejection Effective Date.  Though the Debtors believe that they have completely removed all personal property, the Debtors request that the Court authorize, but not direct, the Debtors to abandon any personal property or other remaining assets, which may include de minimis equipment and/or furnishings (collectively, the "*Abandoned Property*") currently located at the Premises.  The Debtors request that this Court authorize the abandonment of the Abandoned Property in connection with the Debtors' rejection of the Leases, free and clear of all liens, claims, encumbrances, interests, and rights of the Debtors, and allow the Landlords to utilize or dispose of the Abandoned Property in their sole discretion.

## BASIS FOR RELIEF

**I.  REJECTION OF THE LEASES IS AN APPROPRIATE EXERCISE OF THE DEBTORS' BUSINESS JUDGMENT**

12.     Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).  "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citing *In re Murexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)); *see also In re Orion Pictures Corp.*, 4 F. 3d 1095, 1098 (2d Cir. 1993) (noting that the purpose of rejection of executory contracts is to permit the debtor in possession to renounce title to and abandon burdensome property).

13.     A debtor's rejection of an executory contract or unexpired lease is ordinarily governed by the "business judgment" standard.  *See Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1989) ("It is well established that the question [of] whether a lease should be rejected . . . is one of business judgment.") (quoting *Grp. of Institutional Inv'rs v. Chi., M., St. P & P.R. Co.*, 318 U.S. 523, 550 (1943)); *see also In re Tex. Sheet Metals, Inc.*, 90 B.R. 260, 264 (Bankr. S.D. Tex. 1988) ("The traditional business judgment standard governs the rejection of ordinary executory contracts.").  The business judgment standard requires a court to approve a debtor's business decision unless that decision is the product of "bad faith, whim, or caprice." *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) (citing *In re Wheeling-Pittsburgh Steel Corp.*, 72 B.R. 845, 849-50 (Bankr. W.D. Pa. 1987)).

14.     In applying the business judgment standard, courts have held that rejection of an executory contract or an unexpired lease is appropriate where such rejection would benefit the estate.  *See In re Pisces Energy, LLC*, No. 09-36591-H5-11, 2009 WL 7227880, at *6 (Bankr. S.D.

5

Tex. Dec. 21, 2009) ("Courts apply the 'business judgment test,' which requires a showing that the proposed course of action will be advantageous to the estate and the decision be based on sound business judgment."); *see also Orion Pictures*, 4 F.3d at 1098–99 (stating that section 365 of the Bankruptcy Code permits a debtor in possession, subject to court approval, to decide which executory contracts would be beneficial to reject).  Thus, upon finding that a debtor exercised its sound business judgment in determining that rejection of certain contracts or leases is in the best interests of its creditors and other parties in interest, a court should approve the rejection under section 365(a) of the Bankruptcy Code.  *See In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

15.     The Debtors believe that the rejection of the Leases is well within the Debtors' business judgment and is in the best interest of their estates.  The Debtors have determined, with the assistance of their advisors, that the Leases are unnecessary and burdensome to their estates and likely could not be monetized as a result of their terms.  In fact, the Debtors have already surrendered each of the restaurant locations to the applicable Landlords.  Accordingly, the Debtors no longer require the Leases.  Absent rejection, the Leases impose ongoing obligations that constitute an unnecessary drain on the Debtors' resources without sufficient corresponding benefits.  Any continued expense in maintaining the Leases and attempting to market such agreements would likely outweigh, if not eclipse, any benefit in attempting to identify a potential acquirer of the leases and unnecessarily deplete assets of the Debtors' estates.  The rejection of the Leases will relieve the Debtors of any additional, unnecessary administrative expenses.  Therefore, the Debtors seek to reject the Leases effective as of the Rejection Effective Date.

## II. ABANDONMENT OF ABANDONED PROPERTY IS AUTHORIZED UNDER SECTION 554(a) OF THE BANKRUPTCY CODE

16.     Section 554(a) of the Bankruptcy Code provides that "after notice and a hearing, the trustee may abandon any property that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). The decision to abandon property rests within the business judgment of the debtor. *See In re Beach Dev., L.P.*, No. 03-80223-G3-7, 2010 WL 3155255, at *4 (Bankr. S.D. Tex. Aug. 10, 2010) (affording deference to the business judgment of the trustee in abandoning property of the estate). The right to abandon property is virtually unfettered, unless (i) abandonment of the property will contravene laws designed to protect public health and safety or (ii) abandonment of the property poses an imminent threat to the public's welfare. *See In re Midlantic Nat'l Bank*, 474 U.S. 494, 501 (1986); *see* also *In re Commonwealth Oil Ref. Co., Inc.*, 805 F.2d 1175, 1182 (5th Cir. 1986) (recognizing that the Supreme Court in *Midlantic* recognized only a "limited exception" to the debtor's abandonment power). Neither of these limitations is relevant under the facts and circumstances presented here.

17.     As discussed above, the Debtors believe they have removed the vast majority, if not all, of the personal property located or stored at the Premises. However, it is possible that certain immaterial or non-useful assets may remain at the Premises after the Debtors vacated the restaurants. The Debtors submit that such Abandoned Property is inconsequential to their estates and/or the cost of removal or storage of such property exceeds its value and would be burdensome to the Debtors' estates. Therefore, to the extent that any Abandoned Property remains at the Premises, and out of an abundance of caution, the Debtors seek authority to abandon such assets free and clear of all liens, claims, encumbrances, interests, and rights of the Debtors as of the Lease Rejection Date. For the foregoing reasons, the abandonment of the Abandoned Property should be approved by the Court.

7

### III.   REJECTION OF THE LEASES EFFECTIVE AS OF THE REJECTION EFFECTIVE DATE IS PROPER

18.     Section 365 of the Bankruptcy Code does not specifically address whether this Court may order rejection to be applied retroactively. *See In re Amber's Stores, Inc.*, 193 B.R. 819, 826-27 (Bankr. N.D. Tex. 1996) ("[N]othing precludes [the court] . . . from approving . . . rejection of a non-residential real property lease retroactively to an earlier date."). Authorizing the rejection of the executory contracts and leases effective as of the Rejection Effective Date is consistent with prior rulings of courts in this and other circuits, which have held that a bankruptcy court may authorize the retroactive rejection of an executory contract or nonresidential lease if the balance of the equities favors such retroactive rejection. *See e.g.*, *id.* at 826 (using a standard based on the equities of the case); *In re Stonebridge Techs., Inc.*, 430 F.3d 260, 273 (5th Cir. 2005) ("[W]e note that most courts have held that lease rejection may be retroactively applied."); *In re Cafeteria Operators, L.P.*, 299 B.R. 384, 394 (Bankr. N.D. Tex. 2003) (granting retroactive relief for contract rejection where debtors were "receiving no benefit" from the lease and the contract counterparties "had unequivocal notice of Debtors' intent to reject prior to the filing of the Motions"); *see also Thinking Machs. Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machs. Corp.)*, 67 F.3d 1021, 1028 (1st Cir. 1995) (finding that, in the context of rejections of executory contracts, "bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation"); *In re At Home Corp.*, 392 F.3d 1064, 1065–66 (9th Cir. 2004) (affirming bankruptcy court's approval of retroactive rejection), cert. denied sub nom. *Pac. Shores Dev., LLC v. At Home Corp.*, 546 U.S. 814 (2005).

19.     In this instance, the balance of the equities favors approval of rejection as of the Rejection Effective Date. Rejection of the Leases effective as of the Rejection Effective Date will allow the Debtors to avoid the unnecessary economic burden of incurring obligations related to

8

the Leases on an administrative expense basis. Avoidance of this burden is appropriate and equitable given that the Debtors are receiving no benefit under the Leases as they have vacated the Premises. Furthermore, the Landlords will not be prejudiced by such retroactive rejection because the proposed Rejection Effective Date is tied to the date by which the Debtors have already surrendered possession of the Premises to the Landlords. And the Debtors will cause notice of this Motion (which clearly outlines the Debtors' intention to reject the applicable Leases) to be promptly served on all counterparties (most importantly, the Landlords), contemporaneously with the filing of this Motion, thus providing all affected parties adequate notice and sufficient opportunity to respond. Accordingly, the equities weigh in favor of retroactive rejection.

## DEBTORS' COMPLIANCE WITH BANKRUPTCY RULE 6004(a) AND WAIVER OF BANKRUPTCY RULE 6004(a) AND (h)

20.     With respect to any aspect of the relief sought herein that constitutes a use of property under section 363(b) of the Bankruptcy Code, the Debtors request that the Court find that notice of this Motion is adequate under Bankruptcy Rule 6004(a) and waive the fourteen (14)-day stay under Bankruptcy Rule 6004(h). As described above, the relief that the Debtors seek in this Motion is necessary to avoid immediate and irreparable harm to the Debtors. Thus, cause exists for the Court to find that notice of this Motion satisfies Bankruptcy Rule 6004(a) and waive the fourteen (14)-day stay under Bankruptcy Rule 6004(h).

## RESERVATION OF RIGHTS

21.     Nothing in this Motion is intended to be nor shall be deemed: (i) an implication or admission as to the amount of, basis for, or validity of any claim against the Debtors; (ii) a waiver or limitation of the Debtors' or any other party in interest's right to dispute the amount of, basis for, or validity of any claim; (iii) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable non-bankruptcy law; (iv) a waiver of the

9

obligation of any party in interest to file a proof of claim; (v) a promise or requirement to pay any particular claim; (vi) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law; (vii) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (viii) an admission that any lien satisfied pursuant to this Motion is valid (and all rights to contest the extent, validity, or perfection or seek avoidance of all such liens are expressly reserved). Any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' or any other party in interest's rights to dispute such claim subsequently.

**NOTICE**

22.     Notice of this Motion will be served on: (i) the Office of the United States Trustee for the Southern District of Texas; (ii) counsel to the Trustees; (iii) counsel to the WBS Ad Hoc Group; (iv) counsel to the Resid Noteholders; (v) the Landlords; (vi) the creditors listed on the Debtors' consolidated list of 30 creditors holding the largest unsecured claims; (vii) the United States Attorney for the Southern District of Texas; (viii) the Internal Revenue Service; (ix) the Securities and Exchange Commission; (x) the state attorneys general for states in which the Debtors conduct business; (xi) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (xii) any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d). The Debtors submit that, under the circumstances, no other or further notice is required.

23.     A copy of this Motion is available (i) on the Court's website, at www.txs.uscourts.gov, and (ii) free of charge on the website maintained by the Debtors' proposed claims and noticing agent, Omni Agent Solutions, Inc., at https://omniagentsolutions.com/FATBrands-TwinHospitality.

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated:   January 27, 2026
         Houston, Texas

Respectfully submitted,

/s/ Timothy A. ("Tad") Davidson II

**HUNTON ANDREWS KURTH LLP**
Timothy A. ("Tad") Davidson II (TX Bar No. 24012503)
Ashley L. Harper (TX Bar No. 24065272)
Philip M. Guffy (TX Bar No. 24113705)
600 Travis Street, Suite 4200
Houston, TX 77002
Telephone:  (713) 220-4200
Email:   taddavidson@hunton.com
        ashleyharper@hunton.com
        pguffy@hunton.com

– and –

**LATHAM & WATKINS LLP**
Ray C. Schrock (NY Bar No. 4860631)
Natasha Hwangpo (NY Bar No. 5222575)
Randall Carl Weber-Levine (NY Bar No. 5673330)
Ashley Gherlone Pezzi (NY Bar No. 5754213)
Thomas Fafara (NY Bar No. 6013445)
1271 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 906-1200
Email:   ray.schrock@lw.com
        natasha.hwangpo@lw.com
        randall.weber-levine@lw.com
        ashley.pezzi@lw.com
        thomas.fafara@lw.com

– and –

Ted A. Dillman (CA Bar No. 258499)
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone:  (424) 653-5500
Email:   ted.dillman@lw.com

*Proposed Co-Counsel for the Debtors*
*and Debtors in Possession*

## **CERTIFICATE OF SERVICE**

I certify that on January 27, 2026, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on those parties registered to receive electronic notices.

*/s/ Timothy A. ("Tad") Davidson II*
Timothy A. ("Tad") Davidson II