IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| FAT BRANDS INC., *et al.* [1] | ) ) | Case No. 26-90126 (ARP) |
| Debtors. | ) ) ) | (Jointly Administered) |

**OBJECTION OF THE UNITED STATES TRUSTEE TO EMERGENCY MOTION
FOR AN ORDER (I) TEMPORARILY SUSPENDING ANDREW WIEDERHORN AS
CHIEF EXECUTIVE OFFICER, (II) VESTING AUHTORITY IN THE DEBTORS"
SPECIAL COMMITTEE and (III) GRANTING RELATED RELIEF**

Kevin Epstein, the United States Trustee for Region 7 ("**U.S. Trustee**"), objects to the Ad Hoc Group of Securitization Noteholders' (the "**Noteholders**") Emergency Motion for an Order (i) Temporarily Suspending Andrew Wiederhorn as Chief Executive Officer, (ii) Vesting Authority in the Debtors' Special Committee and (iii) Granting Related Relief, ECF No. 182 (the "**Motion**").

**LAW AND ARGUMENT**

The Motion's allegations about Mr. Wiederhorn's violations of section 363's requirements for court approval of non-ordinary course transactions are deeply troubling and, if ultimately proved true, could warrant relief from this Court. But they would not warrant the relief requested: an order "suspending Mr. Wiederhorn as the Debtors' Chief Executive Officer, without pay, and

---

[1] A complete list of the Debtors in the Chapter 11 Cases and the last four digits of each Debtor's taxpayer

identification number (if applicable) may be obtained on the website of the Debtors' claims and noticing agent at

https://omniagentsolutions.com/FATBrands-TwinHospitality. The Debtors' mailing address for purposes of the

Chapter 11 Cases is 9720 Wilshire Blvd., Suite 500, Beverly Hills, CA 90212.

granting the Debtors' Special Committee authority to control the Debtors." *Id*. at 3. Corporate governance, including the election of directors and the appointment of officers, is the province of applicable state law and a corporation's organizing documents with few exceptions.[2]

Bankruptcy admits of only one exception—the appointment of a chapter 11 trustee in accordance with section 1104. That's it. If a chapter 11 debtor-in-possession suffers management failures and the inability to satisfy its fiduciary duties, the only remedy is the appointment of a trustee. If cause exists to grant this Motion for emergency removal and interim appointment, then it exists for appointment of a trustee. That is, if the Court were to grant this Motion, it would necessarily follow that the Court must grant the Noteholders' motion to appoint a trustee, ECF No. 62 (the "**Trustee Motion**"), rendering this Motion redundant and meaningless.

Noteholders rely principally on *In re Gaslight Club Inc.*, 782 F.2d 767 (7th Cir. 1986), where the creditors' committee moved the court to designate someone other than the debtor's president as a "responsible person," and all parties consented to the relief, including the majority shareholder and president, who was ultimately displaced and later sought to renege on his agreement. A close reading of *Gaslight* demonstrates that its unusual facts, including unanimous consent to the relief sought, limit its precedential value and has led other courts to reject it. *E.g., In re Adelphia Comm'ns Corp.*, 336 B.R. 610, 668 (Bankr. S.D.N.Y. 2006) (Gerber, J.). Indeed, the Seventh Circuit itself in *Gaslight* questioned the remedy that it ultimately approved but relied on the universal consent to uphold it:

> We would certainly question recourse to the present procedure as a means generally to avoid appointment of a trustee. But we think the peculiar circumstances of the case before us as well as the consent on all sides to the procedure followed make this case different.

---

[2] The principal exceptions are matters governed by an array of federal securities laws not relevant to this Motion.

*Gaslight*, 782 F.2d at 772.  The decision also reflects the court's unease with the debtor's president's subsequent effort to unwind an arrangement to which he had agreed.  *Id*. at 773  (the president was "fully advised of the consequences" of his agreement).

In *Adelphia*, a noteholders' committee sought "the appointment of one or more 'independent fiduciaries[]' to displace the board . . . ." and relied on sections 105 and 1107, just as the Noteholders do here, to justify their request.  *Id*.  After distinguishing *Gaslight* given that unanimous consent was the "controlling factor," *id*. at 666, the *Adelphia* court denied the noteholders' motion because "[t]hat is not the type of relief that, in this Court's view, it should exercise its discretion to grant."  *Id.* at 668.  The court understood that the requested relief was effectively a trustee by another name and sought "wrongful judicial action . . . forbidden" by the Second Circuit:

> Using section 105(a) to appoint a fiduciary to act as a trustee shorn of the name, but with few other substantive differences, would be the exact kind of wrongful judicial action that the Second Circuit has forbidden.  Section 1104 already provides for two kinds of fiduciaries, trustees and examiners.  The Arahova Noteholders Committee has not shown an entitlement to the first, and has not asked for the second.  Appointing a trustee equivalent, under these circumstances, would be doing exactly what the Second Circuit told the lower courts *not* to do: using section 105(a) "to create substantive rights that are otherwise unavailable under applicable law," [citation omitted] and to "invent remedies that overstep statutory limitations." [citation omitted].

*Id.* at 664 (footnotes omitted) (the court had previously denied the noteholders' trustee motion).  Or to cite that great abductive legal principle, "if it walks like a duck and quacks like a duck, then it is a duck."  And the court likewise rejected the noteholders' reliance on section 1107 for the relief.  "[T]he Court has considerable doubt whether section 1107(a) can fairly be read as a license to circumvent or displace more specific sections of the Code any more than section 105(a) could."  *Id.* at 665.

The *Adelphia* court was particularly prescient about the limits of section 105 because eight years later, the Supreme Court ruled that when a bankruptcy court exercises its "statutory and inherent powers, a bankruptcy court may not contravene specific statutory provisions." *Law v. Siegel*, 571 U.S. 415, 421 (2014). Although *Law v. Siegel* addressed a lower court's reliance on section 105 to craft a remedy at odds with an express prohibition[3] elsewhere in the Code, it applies with equal force where, as here, the Code provides exactly one remedy—and no others—for a debtor's gross mismanagement and other misconduct, a trustee.

Other courts have also rejected *Gaslight*. *In re National Century Financial Enter., Inc.*, 292 B.R. 850, 857 (Bankr. S.D. Ohio 2003) (finding neither "*Gaslight* nor *Lifeguard*[4] as conclusive in supporting Debtors' Motion"). The debtors sought an order "pursuant to sections 105(a), 1107(a) and 1108" granting its crisis manager the "exclusive rights and powers of debtor-in-possession." *Id*. at 854. But the court found the debtors' board had already endowed the manager with those rights, and there was no justification for an order of approval. *Id.* at 857. Because "[s]tatutory construction . . . is a holistic endeavor," a court's interpretation of a statute should "produce[] a substantive effect that is compatible with the rest of the law." *United Sav. Assn. of Tex. v. Timbers of Inwood Forest Associates, Ltd*., 484 U.S. 365, 371 (1988).

The Court should deny the Noteholders' Motion because it seeks relief that the Code does not authorize and wrongly relies on general statutory provisions when the debtors' corporate governance in the presence of alleged managerial misconduct is controlled by the very specific provision of section 1104. The U.S. Trustee reserves all his rights with respect to the Motion, including supplemental briefing if the Court does not deny the Motion at the emergency hearing.

---

[3] Express prohibitions are relatively rare in the Code, which generally operates as a statute of authorization and requirement, not prohibition.

[4] Noteholders here also rely on *In re Lifeguard Indus., Inc.*, 37 B.R. 3 (Bankr. S.D. Ohio 1983).

WHEREFORE, the U.S. Trustee respectfully requests that the Court deny the Motion and grant any other warranted.

Dated:  February 9, 2026

Respectfully Submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE

By: /s/Jayson B. Ruff
Jayson B. Ruff
Trial Attorney
Michigan Bar No. P69893
515 Rusk, Ste. 3516
Houston, TX  77002
Telephone:  (202)573-6960
jayson.b.ruff@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2026, I caused a true and correct copy of the foregoing **OBJECTION OF THE UNITED STATES TRUSTEE TO EMERGENCY MOTION FOR AN ORDER (I) TEMPORARILY SUSPENDING ANDREW WIEDERHORN AS CHIEF EXECUTIVE OFFICER, (II) VESTING AUHTORITY IN THE DEBTORS" SPECIAL COMMITTEE and (III) GRANTING RELATED RELIEF** to be served upon all parties receiving electronic notice via ECF.

/s/ *Jayson B. Ruff*
Jayson B. Ruff