IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

---------------------------------------------------------- x
:
In re: : Chapter 11
:
FAT BRANDS INC., *et al.*, : Case No. 26-90126 (ARP)
:
Debtors.[1] : (Jointly Administered)
:
---------------------------------------------------------- x

**APPLICATION OF DEBTORS
FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND
RETENTION OF STEPTOE LLP TO SERVE AS COUNSEL TO THE INDEPENDENT
MEMBERS OF THE BOARD OF DIRECTORS OF FAT BRANDS INC. AND THE
INDEPENDENT MEMBERS OF THE BOARD OF DIRECTORS OF TWIN
HOSPITALITY GROUP INC. EFFECTIVE AS OF THE PETITION DATE**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this application was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this application was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

Debtors FAT Brands Inc. ("***FAT Brands***") and Twin Hospitality Group Inc. ("***Twin Hospitality***" and with FAT Brands, "***Parent Entities***") on behalf of the (i) the independent members of the Board of Directors of FAT Brands who for the sake of clarity are not officers or employees of FAT Brands and are not members of the Board of Directors or managers of any subsidiary of FAT Brands other than Twin Hospitality (the "***FAT Brands Independent Directors***") and (ii) the independent members of the Board of Directors of Twin Hospitality who for the sake of clarity are not officers or employees of Twin Hospitality and are not members of the Board of Directors or managers of any subsidiary of Twin Hospitality (the "***Twin Hospitality Independent Directors***"

---

[1] A complete list of the Debtors in the Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number (if applicable) may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/FATBrands-TwinHospitality. The Debtors' mailing address for purposes of the Chapter 11 Cases is 9720 Wilshire Blvd., Suite 500, Beverly Hills, CA 90212.

and collectively with the FAT Brands Independent Directors, the "**Independent Directors**"), seek authority to retain Steptoe LLP ("**Steptoe**") as counsel to the Independent Directors, in the above-captioned Chapter 11 Cases, effective as of the Petition Date. In support of this application (the "**Application**"), the Debtors rely on and incorporate by reference (i) the declaration of Jeffrey M. Reisner, which is attached hereto as **Exhibit A** (the "**Reisner Declaration**"), (ii) the declaration of Mark Elenowitz, Independent Director of FAT Brands Inc., which is attached hereto as **Exhibit B** (the "**Elenowitz Declaration**"); and (iii) the declaration of David Jobe, Independent Director of Twin Hospitality Group Inc., which is attached hereto as **Exhibit C** (the "**Jobe Declaration**" and, together with the Elenowitz Declaration, the "**Retention Declarations**"). In further support of the Application, the Debtors respectfully represent the following:

## RELIEF REQUESTED

1. By this Application, the Parent Entities seek entry of an order (the "**Order**"), substantially in the form attached hereto authorizing the retention and employment of Steptoe as counsel to (i) the FAT Brands Independent Directors and (ii) the Twin Hospitality Independent Directors, effective as of the Petition Date, in accordance with the terms and conditions of that certain engagement letter dated January 8, 2026 (the "**Engagement Letter**"), a copy of which is attached as **Exhibit 1** to the Reisner Declaration and incorporated herein by reference.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction to consider this Application under 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Court may enter a final order consistent with Article III of the United States Constitution.

3. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

4. The statutory and legal predicates for the relief requested herein are sections 327(a),[2] of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**"), and the Procedures for Complex Cases in the Southern District of Texas (the "**Complex Case Procedures**").

## BACKGROUND

5. On January 26, 2026 (the "**Petition Date**"), the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") filed voluntary petitions in this Court commencing cases for relief under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Debtors continue to operate their businesses and manage their properties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. On February 6, 2026, the Office of the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Committee**") [Docket No. 186]. No trustee or examiner has been appointed in the Chapter 11 Cases.

6. On January 27, 2026, the Court entered an order [Docket No. 31] authorizing joint administration of the Chapter 11 Cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1.

7. The factual background regarding the Debtors, including their business, their capital structure, and the events leading to the commencement of the Chapter 11 Cases, is set forth in the *Declaration of John C. DiDonato in Support of Debtors' Chapter 11 Petitions and First*

---

[2] Steptoe believes it could alternatively be retained under § 327(e) as well in light of its limited role. However, since Steptoe meets the stricter standard of disinterestedness under § 327(a), the Motion focuses on that standard. To the extent the Court disagrees, Steptoe reserves the right to seek retention under § 327(e).

3

*Day Relief* [Docket No. 15] (the "**First Day Declaration**"), which is fully incorporated herein by reference.[3]

## STEPTOE'S QUALIFICATIONS

8. The Independent Directors have decided — subject to the approval of this Court — to employ Steptoe as counsel to the Independent Directors due to the firm's experience and knowledge in practicing before bankruptcy courts in large and complex chapter 11 proceedings, the breadth of its Restructuring, Insolvency & Bankruptcy Group, its ability to provide attorneys in other areas of expertise, and the skill level and costs associated with retaining Steptoe. The Independent Directors seek to employ Steptoe at the expense of the Parent Entities' bankruptcy estates and to have the employment of Steptoe deemed effective as of the Petition Date.

9. Steptoe is a law firm practicing in and with offices in many of the major cities of the United States and several foreign countries, including an office in Houston, Texas. Steptoe frequently and routinely represents debtors, creditors, committees, and other interested parties in numerous bankruptcy proceedings. Mr. Reisner has frequently represented board members, including in bankruptcy proceedings, including in *In re Caesar's Entertainment Operating Company, Inc., In re RCS Capital Holdings LLC and Cetera Financial Holdings, Inc.,* and *In re Real Mex Restaurants, Inc.*

10. Steptoe has represented the Independent Directors since January 2026 and has advised the Independent Directors regarding certain aspects of restructuring options and the impact of a bankruptcy proceeding to assist them in exercising their fiduciary duties to the Parent Entities.

---

[3] Capitalized terms used but not otherwise defined herein have the meaning assigned to them in the First Day Declaration.

11. Steptoe has experience and skill in the representation of bankruptcy estates and directors of corporate entities and is qualified to represent the Independent Directors as a full-service law firm with expertise in the areas of bankruptcy and corporate law.

12. Accordingly, the Independent Directors believe that Steptoe is both well-qualified and uniquely able to represent them in the Chapter 11 Cases.

### SERVICES TO BE PROVIDED

13. The Independent Directors desire to engage Steptoe because, among other reasons, the nature of the legal services that will be required in connection with the Chapter 11 Cases and to ensure that the Independent Directors have separate counsel and advice in light of potential issues that may differ depending on whether other directors serve on parent and subsidiary boards.

14. Consistent with the Engagement Letter, and as further set forth in the Reisner Declaration, it is expected that Steptoe, as counsel to its Independent Directors, will be fully available to provide legal services to the Independent Directors in connection with the restructuring of FAT Brands Inc. and Twin Hospitality Group, Inc. with such services including (i) providing regular updates, legal analysis, and strategic guidance to the Independent Directors regarding the legal implications of any proposed actions, (ii) ensuring that the Independent Directors are informed and able to discharge their fiduciary duties to the Parent Entities, (iii) assisting the Independent Directors in evaluating, considering, and responding to any proposals, demands, inquiries, or offers received in connection with the Chapter 11 Cases or any related workout process, and engaging in discussions, negotiations, and communications as appropriate in connection with the foregoing, (iv) advising the Independent Directors on compliance with applicable law, governance standards, and ethical obligations, including the duties imposed under relevant corporate law, and assisting the Independent Directors in navigating issues arising from

actual or potential conflicts of interest; (v) taking all actions necessary or appropriate to protect the interests of the Independent Directors in connection with the restructuring, including, where relevant, matters involving Parent Entities, the subsidiaries, affiliates, or related entities; (vi) appearing before this Court or any appellate courts to protect the interests of the Independent Directors before those courts, and (vii) performing such other services as may be appropriate or necessary to represent the Independent Directors effectively in connection with the Chapter 11 Cases.  It is necessary for the Independent Directors to employ attorneys to render the foregoing professional services on behalf of the Independent Directors because the interests of the Independent Directors of the Parent Entities may be different from the interests of their subsidiaries or officers and directors with roles in such entities.  Steptoe has stated its desire and willingness to act in these cases and render the necessary professional services as attorneys for the Independent Directors.

15. Steptoe is aware that the Debtors have also employed Latham & Watkins LLP ("**Latham**") as general bankruptcy counsel and Hunton Andrews Kurth LLP ("**Hunton**") as their bankruptcy co-counsel, to assist in the Chapter 11 Cases, and may retain other professionals in these proceedings.  The services of Steptoe will complement, and not duplicate, the services to be rendered by Latham and Hunton.  Steptoe shall act on its own and will not act under the supervision of Latham.  Indeed, the Debtors are mindful of the need to avoid duplication of services and appropriate procedures will be implemented to ensure that there is no such duplication.

## **COMPENSATION**

16. The Parent Entities have agreed to pay Steptoe's fees and expenses in connection with Steptoe's retention by the Independent Directors.  Steptoe operates in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer,

6

his or her area of specialization, the firm's expertise, performance, and reputation, the nature of the work involved, and other factors. Hourly rates are designed to compensate Steptoe fairly for the work of its attorneys, paralegals, and others and to cover fixed and routine overhead costs and expenses.

17. Steptoe's current hourly rates are set forth in more detail in the Reisner Declaration. Hourly rates vary with the experience, seniority, and practice area of the individuals assigned and are subject to periodic adjustments to reflect economic and other conditions.[4] Steptoe anticipates that the following attorneys and paraprofessionals will be the primary attorneys who will render services to the Independent Directors in conjunction with the Chapter 11 Cases. The principal professionals rates are reflected below:

      a.    Jeffrey Reisner    Partner    $2,035.00

      b.    Joshua Taylor    SP Counsel    $1,495.00

18. From time to time, other attorneys at Steptoe may provide services to the Independent Directors. All attorneys who are expected to appear before this Court are admitted to practice law in the United States District Court for the Southern District of Texas or have applied or will apply for such admission *pro hac vice*. All attorneys who are expected to appear before this Court are familiar with the Bankruptcy Code, the Bankruptcy Local Rules, and the United States Trustee Guidelines and will comply with them.

19. Except as may otherwise be set forth in the Reisner Declaration, Steptoe did not agree to any variations from, or alternatives to, its standard or customary billing arrangements for this engagement, and none of the Steptoe professionals included in this engagement will vary his or her rate based on the geographic location of the Chapter 11 Cases.

---

[4] As set forth in the Order, Steptoe will provide ten business-days' notice to the Debtors, the U.S. Trustee, and any statutory committee before implementing any periodic increases, and will file any such notice with the Court.

20. Steptoe understands that, to the extent inconsistent, the terms of its engagement as agreed to with the Independent Directors are superseded by the Bankruptcy Code, the Bankruptcy Rules, and any applicable U.S. Trustee guidelines.

21. As a courtesy, Steptoe has agreed to provide a 10% discount to the fee portion of the invoices paid within thirty days.

22. Other than the adjustments described above and as set forth in the Reisner Declaration, Steptoe's hourly rates and the financial terms of the engagement proposed herein are consistent with the rates and terms of Steptoe's prepetition engagement. As described in the Retention Declarations, the Independent Directors and Parent Entities have reviewed and approved Steptoe's standard rate structure and understand that it is appropriate and comparable to (i) the rates that Steptoe charges for non-bankruptcy representations or (ii) the rates of other comparably skilled professionals.

23. Consistent with the Engagement Letter and Steptoe's policy with respect to its other clients, Steptoe will continue to charge the Parent Entities for all services provided and for other charges and disbursements incurred in the rendition of services. It is Steptoe's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also Steptoe's policy to charge its clients only the amount actually incurred by Steptoe in connection with such items.

24. During the Chapter 11 Cases, Steptoe will apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in the Chapter 11 Cases in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, any applicable U.S. Trustee guidelines, and any

orders entered in the Chapter 11 Cases governing professional compensation and reimbursement for services rendered and charges and disbursements incurred. Such applications will constitute a request for interim payment against Steptoe's reasonable fees and expenses to be determined at the conclusion of the Chapter 11 Cases.

### COMPENSATION RECEIVED BY STEPTOE FROM THE DEBTORS

25. As of the Petition Date, neither the Independent Directors nor the Debtors owed Steptoe any amounts for legal services rendered to the Independent Directors before the Petition Date, and Steptoe is not a creditor of the Debtors.

26. As set forth in the Reisner Declaration, during the 90-day period prior to the Petition Date, Steptoe received payments and advances in the aggregate amount of $100,000.00 for services performed and expenses incurred, and to be performed and incurred. All payments were in the form of retainers for the advance payment of subsequent invoices (the "**Fee Advance**"). As of the Petition Date, the balance of the Fee Advance was $0. Steptoe wrote off and waived any fees owing in excess of the Fee Advance as of the Petition Date. Accordingly, Steptoe is not a creditor of the Independent Directors or the Debtors.

27. Pursuant to Bankruptcy Rule 2016(b), Steptoe has neither shared nor agreed to share (i) any compensation it has received or may receive with another party or person, other than with the partners, associates, and contract attorneys associated with Steptoe or (ii) any compensation another person or party has received or may receive.

### STEPTOE'S DISINTERESTEDNESS

28. Although Steptoe will be retained on behalf of the Independent Directors, the Parent Entities have agreed to pay Steptoe's fees and expenses. Except as otherwise disclosed on the Reisner Declaration, to the best of the Independent Directors and Debtors' knowledge, the partners

of, counsel to, and associates of Steptoe (i) do not have any connection with or any interest adverse to the Independent Directors, the Debtors, their creditors, or any other party-in-interest, the U.S. Trustee or any person employed in the office of the same, or any judge in the United States Bankruptcy Court for the Southern District of Texas or any person employed in the offices of the same; (ii) are "disinterested persons," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; and (iii) do not hold or represent any interest adverse to the Independent Directors or Debtors' estates.

29.     As disclosed in the Reisner Declaration, Steptoe has in the past represented, currently represents, and likely in the future will represent, certain parties in interest in the Chapter 11 Cases.  Except as set forth in the Reisner Declaration, all such representations are or were in connection with matters wholly unrelated to the Independent Directors, Debtors and the Chapter 11 Cases.  Pursuant to section 327(c) of the Bankruptcy Code, Steptoe is not disqualified from acting as the counsel to the Independent Directors merely because it has represented or currently represents certain parties in interest in matters unrelated to the Chapter 11 Cases.

30.     Based upon the Reisner Declaration, the Independent Directors and Debtors together believe that Steptoe is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code.

31.     Steptoe will conduct periodic on-going conflicts reviews and review of its files to ensure that no disqualifying circumstances arises and will promptly file a supplemental declaration as required by Bankruptcy Rule 2014(a) to disclose any material developments regarding the Independent Directors and Debtors or any other pertinent relationships that are discovered.

**BASIS FOR RELIEF**

32. Section 327(a) of the Bankruptcy Code provides that "the [debtor], with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor's] duties under [the Bankruptcy Code]." 11 U.S.C. § 327(a).

33. Bankruptcy Rule 2014(a) requires that an application for retention must include specific facts showing (i) the need for the employment, (ii) the name of the person to be employed, (iii) the reasons for the selection, (iv) the professional services to be rendered, (v) any proposed arrangement for compensation; and (vi) to the best of the applicant's knowledge, all of the person's connections with (a) the debtor, (b) creditors, (c) any other party interest, (d) their respective attorneys and accountants, (e) the United States trustee, and (f) any person employed by the United States trustee's office. Fed. R. Bank. P. 2014.

34. The Debtors submit that for all the reasons stated herein and in the Reisner Declaration, the retention and employment of Steptoe to advise the Independent Directors is warranted. As set forth in the Reisner Declaration, Steptoe is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and Steptoe does not hold or represent an interest adverse to the Independent Directors or Debtors' estates and has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Reisner Declaration.

**NOTICE**

35. Notice of this Application will be given to the parties on the Debtors' Master Service List and all parties that have requested or that are required to receive notice pursuant to

Bankruptcy Rule 2002. The Independent Directors submit that, under the circumstances, no other or further notice is required.

36. A copy of this Application is available (i) on the Court's website, at www.txs.uscourts.gov and (ii) free of charge on the website maintained by the Debtors' claims and noticing agent, Omni Agent Solutions, Inc., at https://omniagentsolutions.com/FATBrands-TwinHospitality.

**WHEREFORE**, the Independent Directors respectfully request that the Court enter the Proposed Order granting the relief requested in the Application and such other and further relief as may be just and proper.

Dated: February 25, 2026
       Houston, Texas

Respectfully submitted,

*/s/ Allen Z. Sussman*
Name: Allen Z. Sussman
Title: General Counsel of FAT Brands Inc.
     Chief Legal Officer of Twin Hospitality Group Inc.

## CERTIFICATE OF SERVICE

I certify that on February 25, 2026, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on those parties registered to receive electronic notices.

*/s/ Timothy A. ("Tad") Davidson II*
Timothy A. ("Tad") Davidson II