United States Bankruptcy Court
Southern District of Texas

**ENTERED**

March 18, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

------------------------------------------------------------- x
: 
In re: : Chapter 11
: 
FAT BRANDS INC., *et al.*, : Case No. 26-90126 (ARP)
: 
Debtors.[1] : (Jointly Administered)
: 
------------------------------------------------------------- x

**ORDER (I) AUTHORIZING THE DEBTORS TO
(A) REJECT CERTAIN UNEXPIRED LEASES, (B) CLOSE
CERTAIN RESTAURANTS RELATED THERETO, AND
(C) ABANDON CERTAIN REMAINING PERSONAL PROPERTY IN
CONNECTION THEREWITH AND (II) GRANTING RELATED RELIEF**
**[Relates to Docket No. 291]**

Upon the motion (the "***Motion***")[2] of the Debtors for entry of an order (this "***Order***")

(i) authorizing the debtors to (a) reject certain unexpired leases, including any agreements, master

leases, subleases, riders, schedules, certificates, memoranda, amendments, supplements,

guaranties, and any other documents related thereto, each as set forth on **Exhibit 1** of this Order

(collectively, the "***Leases***"), effective as of the Rejection Effective Date (as defined herein),

(b) close the Company-owned restaurants associated with the Leases (the "***Restaurants***") and

(c) abandon certain remaining personal property that may be located at the Premises; and

(ii) granting related relief, all as more fully set forth in the Motion; and the Court having reviewed

the Motion and the First Day Declaration; and the Court having jurisdiction to consider the Motion

---

[1]   A complete list of the Debtors in the Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number (if applicable) may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/FATBrands-TwinHospitality.  The Debtors' mailing address for purposes of the Chapter 11 Cases is 9720 Wilshire Blvd., Suite 500, Beverly Hills, CA 90212.

[2]   Capitalized terms used but not otherwise defined herein have the meaning assigned to them in the Motion or the First Day Declaration.

and the relief requested therein in accordance with 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.       The Leases identified on **Exhibit 1** attached hereto, including, to the extent applicable, any agreements, amendments, modifications, and subleases related thereto are deemed rejected effective as of February 28, 2026 (the "***Rejection Effective Date***").  Upon the Rejection Effective Date, the Debtors shall use reasonable efforts to provide information, including but not limited to information regarding utilities and the related accounts at the respective premises, as may reasonably be requested by the applicable rejection counterparty.  In the event not previously provided, the Debtors shall, upon request by the applicable rejection counterparty, use reasonable efforts to return or provide access to all keys, key codes, security codes, or alarm system codes to the affected rejection counterparty.

2.       The Debtors are authorized, in their sole discretion, to close the Restaurants associated with the Leases identified on **Exhibit 1**.  To the extent the Debtors are subject to any

state Fast Pay Laws in connection with the restaurant closures, the Debtors shall be presumed to be in compliance with such laws to the extent, in applicable states, such payroll payments are made by the later of: (i) the Debtors' next regularly scheduled payroll and (ii) seven calendar days following the termination date of the relevant employee.

3.      The Debtors are not required to comply with any termination procedures set forth in the Leases, or any documents related thereto, and are relieved of any and all payments or other performance obligations due under the Leases incurred after the Rejection Effective Date. Notwithstanding the foregoing, nothing herein shall prevent recovery of any affected counterparties' rights and claims for recovery, including but not limited to recovery for rejection damages or administrative claims.

4.      All Abandoned Property remaining at the Premises as of the Rejection Effective Date is deemed abandoned pursuant to section 554 of the Bankruptcy Code, and the Landlords may dispose of the Abandoned Property on and after the Rejection Effective Date in their sole and absolute discretion without further notice to or the approval from the Debtors or any third party, except as otherwise provided herein.  To the extent applicable, the automatic stay is modified to permit such use or disposition, including but not limited to the transfers of title by the applicable Debtor(s).  Notwithstanding anything to the contrary in this Order, nothing herein shall affect the rights and interests of any third parties, including but not limited to Ecolab Inc., and PepsiCo Sales, Inc., its affiliates, or its affiliated bottlers, in any of their property located at the Premises.  To the extent applicable, the automatic stay is modified to allow any third party (including but not limited to landlords and sublandlords) to recover and to dispose of the Abandoned Property without notice or liability to the Debtors or their estates and without further notice or order of the Court.

5. Notwithstanding any other provision of this Order, (i) the Debtors are not authorized to abandon, and are directed to remove, any hazardous materials as defined under applicable law from any leased premises as and to the extent they are required to do so by applicable law and (ii) to the extent the Debtors seek to abandon personal property that contains any "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code, or other personal and/or confidential information about the Debtors' employees and/or customers, or any other individual (the "*Confidential Information*"), the Debtors shall remove the Confidential Information from such personal property before abandonment.

6. Consistent with the limitations of section 362 of the Bankruptcy Code, and any other applicable law, the Landlords are prohibited from setting off or otherwise utilizing any amounts deposited by the Debtors with any of the Landlords as a security deposit or pursuant to another similar arrangement, or owed to the Debtors by any of the Landlords under the Leases or other agreements between the same parties, without further order of the Court.

7. Third parties shall not impede or interfere in any manner with the Debtors' removal of their equipment or other property from the Premises based on any claims, financial or otherwise, against the Debtors whether arising prepetition or postpetition.

8. Any claims based on the rejection of the Leases shall be filed by a Landlord no later than the later of (i) the general bar date established in the Chapter 11 Cases and (ii) thirty (30) days following the Rejection Effective Date.

9. Except as expressly set forth in this Order, nothing in the Motion or this Order is intended to be or shall be deemed: (i) an implication or admission as to the amount of, basis for, or validity of any claim against the Debtors; (ii) a waiver or limitation of the Debtors' or any other party in interest's right to dispute the amount of, basis for, or validity of any claim; (iii) a waiver

of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable non-bankruptcy law; (iv) a waiver of the obligation of any party in interest to file a proof of claim; (v) a promise or requirement to pay any particular claim; (vi) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law; (vii) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (viii) an admission that any lien satisfied pursuant to the Motion is valid (and all rights to contest the extent, validity, or perfection or seek avoidance of all such liens are expressly reserved); or (ix) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code (other than the rejection of the Leases).

10.     Notice of the Motion is adequate under the Bankruptcy Rules, including, without limitation, Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules.

11.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

12.     The Debtors are further authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

13.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: March 18, 2026

Alfredo R Pérez
United States Bankruptcy Judge

5

**Exhibit 1**

**Rejected Leases[1]**

| Landlord/Counterparty Name | Debtor | Address | Personal Property to be Abandoned |
|---|---|---|---|
| ARC CAFEUSA001, LLC | Fazoli's Joint Venture, Ltd. | 465 East Carmel Drive, Carmel, IN 46032 | Restaurant Equipment/Furnishings |
| CF III SH Valley Fair, LLC | HDOS Acquisition, LLC | 3601 S 2700 W, #E118, West Valley City, UT 84119 | Restaurant Equipment/Furnishings |
| CRC Muskegon, L.L.C. | Fazoli's Joint Venture, Ltd. | 1780 East Sherman Boulevard, Muskegon, MI 49444 | Restaurant Equipment/Furnishings |
| H&M Carbondale, LLC | Fazoli's Joint Venture, Ltd. | 1120 East Main Street, Carbondale, IL 62901 | Restaurant Equipment/Furnishings |
| Harson Investments, Ltd. | Fazoli's Joint Venture, Ltd. | 6675 Miller Lane, Dayton, OH 45414 | Restaurant Equipment/Furnishings |
| J&A E. 82nd, LLC | Fazoli's Joint Venture, Ltd. | 6450 East 82nd Street, Indianapolis, IN 46250 | Restaurant Equipment/Furnishings |
| J&A Lafayette, LLC | Fazoli's Joint Venture, Ltd. | 3924 Lafayette Road, Indianapolis, IN 46254 | Restaurant Equipment/Furnishings |
| Jaffe Fazoli Property, LLC | Fazoli's Joint Venture, Ltd. | 4711 E. National Rd., Richmond, IN 47374 | Restaurant Equipment/Furnishings |
| JRB W 10th, LLC | Fazoli's Joint Venture, Ltd. | 7218 West 10th Street, Indianapolis, IN 46214 | Restaurant Equipment/Furnishings |
| Moreno Valley Mall Holding, LLC | HDOS Acquisition, LLC | 22500 Town Circle. #2145, Moreno Valley, CA 92553 | Restaurant Equipment/Furnishings |
| New Yorker 3521, L.L.C. | Fazoli's Joint Venture, Ltd. | 2521 Alpine Avenue, Walker, MI 49544 | Restaurant Equipment/Furnishings |
| Plaza West Covina LP | HDOS Acquisition, LLC | 803 Plaza Drive, West Covina, CA 91790 | Restaurant Equipment/Furnishings |
| Riverwood USA Inc | HDOS Acquisition, LLC | 400 South Baldwin, 803-L, Arcadia, CA | Restaurant Equipment/Furnishings |

---

[1]   The Debtors have listed the applicable counterparty to each Lease in accordance with a review of their books and records.  For the avoidance of doubt, the Debtors are rejecting any and all unexpired leases, including any agreements, master leases, subleases, riders, schedules, certificates, memoranda, amendments, supplements, guaranties, and any other documents related thereto with respect to each address set forth on this exhibit, notwithstanding any difference between the counterparty named in such agreements or documents and the counterparties set forth on this exhibit.

| Landlord/Counterparty Name | Debtor | Address | Personal Property to be Abandoned |
|---|---|---|---|
| | | 91007 | |
| The Samayoa Family 2019 Living Trust | Fazoli's Joint Venture, Ltd. | 5232 Weston Road, Evansville, IN 47712 | Restaurant Equipment/Furnishings |
| TR Royal Palm Corp. | Barbeque Integrated, Inc. | 1000 South Pine Island Road, Plantation, FL  33324 | Office Equipment/Furnishings |
| Tyler Mall Limited Partnership | HDOS Acquisition, LLC | 1120 Galleria at Tyler, #F-6A, Riverside, CA 92503 | Restaurant Equipment/Furnishings |
| Valencia Town Center Venture, L.P. | HDOS Acquisition, LLC | 24201 West Valenica Blvd., Suite #106, Valencia, CA 91355 | Restaurant Equipment/Furnishings |
| WEA Palm Desert LP | HDOS Acquisition, LLC | 72-840 Highway 111, Space 357, Palm Desert, CA 92260 | Restaurant Equipment/Furnishings |
| Zandale Shopping Center, LLC | Fazoli's Joint Venture, Ltd. | 2195A Richmond Road, Lexington, KY 40502 | Restaurant Equipment/Furnishings |
| Zandale Shopping Center, LLC | Fazoli's Joint Venture, Ltd. | 2200 Nicholasville Road, Lexington, KY 40503 | Restaurant Equipment/Furnishings |