United States Bankruptcy Court
Southern District of Texas

**ENTERED**

April 02, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

---

------------------------------------------------------------ x

In re:

FAT BRANDS INC., *et al.*,

Debtors.[1]

------------------------------------------------------------ x

:
:
:
:
:
:
:
:
:

Chapter 11

Case No. 26-90126 (ARP)

(Jointly Administered)

---

**ORDER (I) AUTHORIZING AND APPROVING
PROCEDURES TO CLOSE RESTAURANTS AND REJECT EXECUTORY
CONTRACTS AND UNEXPIRED LEASES; AND (II) GRANTING RELATED RELIEF**
**[Relates to Docket No. 408]**

Upon the motion (the "***Motion***")[2] of the above-captioned debtors and debtors in possession (collectively, the "***Debtors***") for entry of an order (this "***Order***"):  (i) authorizing and approving procedures to (a) close Company-owned restaurants, (b) reject executory contracts (the contracts to be rejected, the "***Contracts***"), and (c) reject unexpired leases (the leases to be rejected, the "***Leases***"); and (ii) granting related relief; all as more fully set forth in the Motion; and the Court having reviewed the Motion and the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has

---

[1]   A complete list of the Debtors in the Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number (if applicable) may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/FATBrands-TwinHospitality.  The Debtors' mailing address for purposes of the Chapter 11 Cases is 9720 Wilshire Blvd., Suite 500, Beverly Hills, CA 90212.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The following Rejection Procedures are approved in connection with rejecting Contracts and Leases:

- Rejection Notice.  The Debtors, after consultation with counsel to the WBS Ad Hoc Group and the Committee, will file a notice (the "***Rejection Notice***") setting forth the proposed closing of restaurants and rejection of one or more Contracts and/or Leases, as applicable, and will serve the Rejection Notice via electronic mail or overnight mail on: (i) each counterparty to a rejected Contract or Lease (the "***Counterparty***"), and its counsel, if known, at the last known address available to the Debtors; (ii) with respect to the Leases, any known third party having an interest in personal property located in or on the leased premises (the "***Premises***"); (iii) any party known to assert a lien in any property subject to the rejected Contract or Lease; (iv) the Office of the United States Trustee for the Southern District of Texas (the "***U.S. Trustee***"); (v) counsel to the WBS Ad Hoc Group; (vi) counsel to the Committee; and (vii) counsel to the Ad Hoc Group of Twin Peaks Franchisees (collectively, the "***Rejection Notice Parties***").

- Contents of Rejection Notice.  The Rejection Notice shall be substantially in the form attached hereto as **Exhibit 1**.  With respect to the Leases, the Rejection Notice shall set forth the following information, to the best of the Debtors' knowledge: (i) the name and address of the landlord (each, a "***Landlord***"); (ii) the Debtor that is party to the Lease; (iii) the street address of the related real property; (iv) whether or not the Debtors intend to abandon any property at the Premises and, to the extent applicable, a description of any property the Debtors intend to abandon; and (v) the proposed effective date of rejection (the "***Rejection Date***"), which shall be the later of (x) the date the Debtors vacate and surrender the Premises, either by the turnover of any keys or key codes to the applicable Landlord, or such date as the Debtors provide notice that the Landlord may re-key the Premises, or such other date as may be agreed between the affected Landlord and the Debtors, and (y) the date indicated on the Rejection Notice.  With respect to all other Contracts to be rejected, the Rejection Notice shall set forth the following information, to the best of the Debtors' knowledge: (i) the name and address of the Counterparty; (ii) the Debtor that is party to the Contract; (iii) a brief

2

description of the Contract to be rejected; and (iv) the Rejection Date of the Contract. All Rejection Notices will be accompanied by a copy of the proposed order approving the rejection of the Contracts and/or Leases set forth on the Rejection Notice (each such order, a "***Rejection Order***").

- <u>Abandonment</u>.  The Debtors will specify in the Rejection Notice whether they intend to abandon any personal property, including inventory, furniture, fixtures, equipment, and/or other material at the Premises as of the Rejection Date and provide a reasonable description of any such Abandoned Property.  Absent a timely objection, any such property of the Debtors remaining after the Rejection Date shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code without further notice or order of the Court, free and clear of all liens, claims, interests, or other encumbrances.  Any Landlord may dispose of such property on and after the Rejection Date in their sole and absolute discretion without further notice to or the approval from the Debtors or any third party, except as otherwise provided herein. To the extent applicable, the automatic stay is modified to permit such use or disposition, including but not limited to the transfers of title by the applicable Debtor(s).  Notwithstanding anything to the contrary in this Order, nothing herein shall affect the rights and interests of any third parties, including but not limited to Ecolab Inc., and PepsiCo Sales, Inc., its affiliates, or its affiliated bottlers, in any of their property located at the Premises.  To the extent applicable, the automatic stay is modified to allow any third party (including but not limited to landlords and sublandlords) to recover and to dispose of the Abandoned Property without notice or liability to the Debtors or their estates and without further notice or order of the Court.  Landlord Counterparties shall reasonably cooperate with any third parties to facilitate the turnover and removal of any tangible personal property owned by such third parties remaining in the Premises after the Rejection Date.

- <u>Objection Procedures</u>.  Parties objecting to a proposed rejection or abandonment must file and serve a written objection (an "***Objection***") so that the Objection is filed with the Court and is actually received by (i) counsel to the Debtors, Latham & Watkins LLP, 1271 Avenue of the Americas, New York NY 10020, Attn: Ted A. Dillman (ted.dillman@lw.com), Natasha Hwangpo (natasha.hwangpo@lw.com) and Randall Carl Weber-Levine (randall.weber-levine@lw.com); (ii) co-counsel to the Debtors, Hunton Andrews Kurth LLP, 600 Travis Street, Suite 4200 Houston, TX 77002, Attn: Timothy A. ("Tad") Davidson II (taddavidson@hunton.com), Ashley L. Harper (ashleyharper@hunton.com), and Philip M. Guffy (pguffy@hunton.com); and (iii) counsel to the Committee, Paul Hastings LLP, 200 Park Ave, New York, NY 10166, Attn: Gabe Sasson (gabesasson@paulhastings.com), Charles Persons (charlespersons@paulhastings.com), and Matt Friedrick (matthewfriedrick@paulhastings.com); and (iv) the Office of the United States Trustee for Region 7, 515 Rusk Street, Suite 3516, Houston, TX 77002, Attn: Jayson B. Ruff (jayson.b.ruff@usdoj.gov),  no later than 10 days after the date the Debtors file and serve the relevant Rejection Notice (the "***Rejection Objection Deadline***").  Each Objection must state with specificity the legal and factual grounds for objection to the proposed rejection or abandonment.

3

- Event of No Objection.  If no Objection is filed and properly served by the Rejection Objection Deadline, then the Debtors may file a certificate of no objection, and the Court may enter the applicable proposed Rejection Order without a hearing.

- Deadline for Filing Claims.  Any Rejection Order entered by the Court will be served on the relevant Counterparties no later than three (3) business days after entry of such Rejection Order.  The deadline to file a proof of claim to assert any claim arising from the rejection of a Contract or Lease shall be the later of (i) the deadline to file general unsecured proofs of claim (the "**Bar Date**") fixed by the Court; and (ii) 30 days after the later of (a) the entry of the applicable Rejection Order and (b) the Rejection Date.  If no proof of claim is timely filed, such claimant shall not be treated as a creditor with respect to such rejection claims for voting on any chapter 11 plan in the Chapter 11 Cases and shall be forever barred from asserting a claim for such rejection damages and from participating in any related distributions that may be made in connection with the Chapter 11 Cases on account of such barred claim.

- Unresolved Objections.  If an Objection is timely filed and not withdrawn or resolved (an "**Unresolved Objection**"), the Debtors shall file a notice for a hearing for the Court to consider the Unresolved Objection at a hearing date subject to the Court's schedule, but in no event with less than five (5) days' notice.  The parties may resolve the Unresolved Objection without further notice or Court approval in advance of the hearing.  If the Unresolved Objection is overruled or withdrawn, the effective date of rejection shall be (i) the Rejection Date; (ii) such other date to which the Debtors and the counterparty to the Unresolved Objection have agreed; or (iii) such other date as determined by the Court.  If an Objection is filed for fewer than all of the Contracts and/or Leases included on the Rejection Notice, then, following the applicable Rejection Objection Deadline, the Court may enter the proposed Rejection Order as to the Contracts and/or Leases on the Rejection Notice that are not subject to an Objection without a hearing.

- Treatment of Security Deposits.   If the Debtors have deposited funds with a Counterparty as a security deposit or other similar arrangement, such Counterparty may not set off or otherwise use such deposit without the prior authorization of the Court or consent of the Debtors.

2.      The form of Rejection Notice attached hereto as **Exhibit 1** is approved.

3.      The Debtors are authorized, but not directed, after consultation with the WBS Ad Hoc Group, to close the Company-owned restaurants associated with the Leases.  To the extent the Debtors are subject to any state Fast Pay Laws in connection with any restaurant closures authorized under the Proposed Order, the Debtors shall be presumed to be in compliance with such laws to the extent, in applicable states, such payroll payments are made by the later of: (i) the

4

Debtors' next regularly scheduled payroll and (ii) seven (7) calendar days following the termination date of the relevant employee, and in all such cases consistent with, and subject to, any previous orders of this Court regarding payment of same.

4.      Nothing herein shall be construed as a concession or evidence that a Contract or Lease has expired, been terminated, or is otherwise not currently in full force and effect.  The Debtors' rights with respect thereto are reserved, including the Debtors' rights to seek a later determination of such matters and to dispute the validity, status, characterization, or enforceability of such Contract or Lease and any claims related thereto, as are any Counterparty's defenses to such assertions.  The Debtors do not waive any claims they may have against any Landlords or Counterparties, regardless of whether such claims relate to the Contract(s) or Lease(s) between the Debtors and such Landlord or Counterparty.

5.      Nothing in this Order authorizes the Debtors to lease, sell, or otherwise transfer to any other party, the personal identifying information (which means information which alone or in conjunction with other information identifies an individual, including but not limited to an individual's first name (or initial) and last name, physical address, electronic address, telephone number, social security number, date of birth, government-issued identification number, account number and credit or debit card number ("*PII*")) of any customers unless such sale or transfer or lease is permitted by the Debtors' privacy policy and state or federal privacy and/or identity theft prevention laws and rules.

6.      The Debtors are directed to remove, any hazardous materials as defined under applicable law from any leased premises as and to the extent they are required to do so by applicable law

7.     Approval of this Order shall not prevent the Debtors from seeking to assume or reject an executory contract and/or unexpired lease by separate motion or pursuant to a chapter 11 plan.

8.     All rights and defenses of the Debtors and any Landlord or Counterparty are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of an executory contract or Lease rejection, including any right to assert an offset, recoupment, counterclaim, or deduction.  In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract or Lease is terminated and is no longer an executory contract or unexpired lease, respectively.

9.     Except as expressly set forth in this Order, nothing in the Motion or this Order is intended to be or shall be deemed:  (i) an implication or admission as to the amount of, basis for, or validity of any claim against the Debtors; (ii) a waiver or limitation of the Debtors' or any other party in interest's right to dispute the amount of, basis for, or validity of any claim; (iii) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable non-bankruptcy law; (iv) a waiver of the obligation of any party in interest to file a proof of claim; (v) a promise or requirement to pay any particular claim; (vi) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law; (vii) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (viii) an admission that any lien satisfied pursuant to the Motion is valid (and all rights to contest the extent, validity, or perfection or seek avoidance of all such liens are expressly reserved); or (ix) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code (other than the rejection of the Leases).

10.     Notice of the Motion is adequate under the Bankruptcy Rules, including, without limitation, Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules.

11.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

12.     The Debtors are further authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

13.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: April 02, 2026

Alfredo R Pérez
United States Bankruptcy Judge

7

**Exhibit 1**

**Proposed Rejection Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

------------------------------------------------------------- x
                                                              :
In re:                                                        :   Chapter 11
                                                              :
FAT BRANDS INC., *et al.*,                                    :   Case No. 26-90126 (ARP)
                                                              :
        Debtors.[1]                                           :   (Jointly Administered)
                                                              :
------------------------------------------------------------- x

**NOTICE OF CLOSURE OF STORES AND REJECTION OF**
**CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES**
**[Relates to Docket No.    ]**

> **PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS BELOW AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

On [ ● ], 2026, the United States Bankruptcy Court for the Southern District of Texas (the "***Court***") entered an order on the motion (the "***Motion***")[2] of debtors and debtors in possession (the "***Debtors***") approving procedures for the rejection of executory contracts and unexpired leases and granting related relief [Docket No. [ ● ]] (the "***Rejection Procedures Order***") attached hereto as **Schedule 1**.

Pursuant to the terms of the Rejection Procedures Order, the Debtors hereby provide notice (this "***Notice***") of their intent to close certain restaurants associated with the leases to be rejected, and reject the contracts and leases included in Annex A to the proposed order rejecting the

---

[1]   A complete list of the Debtors in the Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number (if applicable) may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/FATBrands-TwinHospitality.  The Debtors' mailing address for purposes of the Chapter 11 Cases is 9720 Wilshire Blvd., Suite 500, Beverly Hills, CA 90212.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Contracts and Leases (the "***Rejection Order***"), substantially in the form attached hereto as **Exhibit A**.  Pursuant to the terms of the Rejection Procedures Order, unless a written objection is filed and served in accordance with the terms of the Rejection Procedures Order, the following contracts and leases will be rejected pursuant to section 365(a) of the Bankruptcy Code, effective as of the date set forth in Annex A thereto (the "***Rejection Date***").

Any personal property including inventory, furniture, fixtures, equipment or other materials remaining at the premises subject to the unexpired nonresidential real property leases as of the Rejection Date shall be deemed abandoned by the Debtors to the applicable Landlord.

With respect to any personal property that is leased to the Debtors by a third party or owned by a third party, the automatic stay is modified to allow any third party (including but not limited to landlords and sublandlords) to recover and to dispose of the Abandoned Property without notice or liability to the Debtors or their estates and without further notice or order of the Court.  If any such personal property remains on the Premises after the Rejection Date, the Landlord may dispose of any and all such property as set forth in the Rejection Procedures Order.

Objections, if any, to this Notice must be filed and served so that such objection is filed with the Court and actually received by the following parties no later than ten (10) days after the date of filing of this Notice (the "***Rejection Objection Deadline***"):  (i) counsel to the Debtors, Latham & Watkins LLP, 1271 Avenue of the Americas, New York NY 10020, Attn: Ted A. Dillman (ted.dillman@lw.com), Natasha Hwangpo (natasha.hwangpo@lw.com), and Randall Carl Weber-Levine (randall.weber-levine@lw.com); (ii) co-counsel to the Debtors, Hunton Andrews Kurth LLP, 600 Travis Street, Suite 4200 Houston, TX 77002, Attn: Timothy A. ("Tad") Davidson II (taddavidson@hunton.com), Ashley L. Harper (ashleyharper@hunton.com), and Philip M. Guffy (pguffy@hunton.com); (iii) counsel to the Committee, Paul Hastings LLP, 200

2

Park Ave, New York, NY 10166, Attn: Gabe Sasson (gabesasson@paulhastings.com), Charles Persons (charlespersons@paulhastings.com), and Matt Friedrick (matthewfriedrick@paulhastings.com); and (iv) the Office of the United States Trustee for Region 7, 515 Rusk Street, Suite 3516, Houston, TX 77002, Attn: Jayson B. Ruff (jayson.b.ruff@usdoj.gov) (collectively, the "*Objection Notice Parties*"). Each Objection must state, with specificity, the grounds for objection to the proposed Contract or Lease rejection or abandonment of personal property remaining on the Premises.

If no Objection is filed and served in compliance with the foregoing, then after the Rejection Objection Deadline the Debtors may file a certificate of no objection with the Bankruptcy Court, and the Bankruptcy Court may enter the proposed Rejection Order included in this Notice as **Exhibit A** without a hearing.

Pursuant to the terms of the Rejection Procedures Order, if no Objection is properly filed and served in compliance with the foregoing, the rejection of each Contract and/or Lease shall become effective as of the Rejection Date.[3]

If an Objection to this Notice is properly filed and served in compliance with the foregoing, a hearing will be scheduled to consider the Objection. If the Objection is overruled or withdrawn, the effective date of rejection shall be the (i) Rejection Date; (ii) such other date to which the Debtors and the counterparty to the Objection have agreed; or (iii) such other date as determined by the Court. If an Objection is filed for fewer than all of the Contracts and/or Leases included on this Notice, then, following the Rejection Objection Deadline, the Bankruptcy Court may enter the

---

[3] An objection to the rejection of any particular Contract listed in this Rejection Notice shall not constitute an objection to the rejection of any other contract listed in this Rejection Notice. Any objection to the rejection of any particular Contract listed in this Rejection Notice must state with specificity the Contract to which it is directed. For each particular Contract whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Rejection Notice and the Order.

Rejection Order as to the Contracts and/or Leases set forth in this Notice that are not subject to an Objection without a hearing.

Pursuant to the terms of the Rejection Order, if the Debtors have deposited funds with a Counterparty as a security deposit or pursuant to some other arrangement, such Counterparty may not setoff or otherwise use such deposit without the prior authority of this Court or agreement of the Debtors.

Pursuant to the terms of the Rejection Procedures Order, any Rejection Order shall be served on the appropriate Counterparties no later than three (3) business days after entry of such order.

Pursuant to the terms of the Rejection Procedures Order, the deadline to file a proof of claim to assert any claim arising from the rejection of a Contract or Lease shall be the later of (i) the deadline to file general unsecured proofs of claim fixed by the Court; and (ii) 30 days after the later of (a) the entry of the applicable Rejection Order and (b) the Rejection Date.  If you do not timely file such proof of claim, you will not be treated as a creditor with respect to such claims for voting on any chapter 11 plan in the Chapter 11 Cases and shall be forever barred from asserting a claim for rejection damages arising from the rejection of the above-referenced Contracts and Leases and from participating in any distributions that may be made in connection with the Chapter 11 Cases on account of such barred claim unless otherwise ordered by the Court.

[*Remainder of page intentionally left blank.*]

Dated:   [ ● ], 2026
      Houston, Texas

Respectfully submitted,

*/s/ Timothy A. ("Tad") Davidson II*

**HUNTON ANDREWS KURTH LLP**
Timothy A. ("Tad") Davidson II (TX Bar No. 24012503)
Ashley L. Harper (TX Bar No. 24065272)
Philip M. Guffy (TX Bar No. 24113705)
600 Travis Street, Suite 4200
Houston, TX 77002
Telephone:  (713) 220-4200
Email:   taddavidson@hunton.com
      ashleyharper@hunton.com
      pguffy@hunton.com

– and –

**LATHAM & WATKINS LLP**
Ray C. Schrock (NY Bar No. 4860631)
Natasha Hwangpo (NY Bar No. 5222575)
Randall Carl Weber-Levine (NY Bar No. 5673330)
Ashley Gherlone Pezzi (NY Bar No. 5754213)
Thomas Fafara (NY Bar No. 6013445)
1271 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 906-1200
Email:   ray.schrock@lw.com
      natasha.hwangpo@lw.com
      randall.weber-levine@lw.com
      ashley.pezzi@lw.com
      thomas.fafara@lw.com

– and –

Ted A. Dillman (CA Bar No. 258499)
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone:  (424) 653-5500
Email:   ted.dillman@lw.com

*Co-Counsel for the Debtors*
*and Debtors in Possession*

5

**EXHIBIT A**

**Proposed Rejection Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

------------------------------------------------------------- x

In re:

FAT BRANDS INC., *et al.*,

              Debtors.[1]

------------------------------------------------------------- x

:
:
:   Chapter 11
:
:   Case No. 26-90126 (ARP)
:
:   (Jointly Administered)
:
:

**ORDER (I) AUTHORIZING
DEBTORS TO CLOSE RESTAURANTS AND REJECT EXECUTORY
<u>CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF</u>
[Relates to Docket No.     ]**

Pursuant to and in accordance with the *Order (I) Authorizing and Approving Procedures to Close Restaurants and Reject Executory Contracts and Unexpired Leases; and (II) Granting Related Relief* [Docket No. __] (the "***Rejection Procedures Order***")[2] entered in the Chapter 11 Cases of the above-captioned debtors and debtors in possession (collectively, the "***Debtors***"); and the Debtors having properly filed with this Court and served on the Rejection Notice Parties a notice (the "***Rejection Notice***") of their intent to reject certain executory contracts (each, a "***Contract***" and collectively, the "***Contracts***") and unexpired leases (each, a "***Lease***" and collectively, the "***Leases***"), including the Contracts and Leases identified on **<u>Annex A</u>** hereto; in accordance with the terms of the Rejection Procedures Order, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and no timely objections having been filed to the Rejection Notice; and the

---

[1]     A complete list of the Debtors in the Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number (if applicable) may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/FATBrands-TwinHospitality. The Debtors' mailing address for purposes of the Chapter 11 Cases is 9720 Wilshire Blvd., Suite 500, Beverly Hills, CA 90212.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Order.

Court having found and determined that the relief requested is in the best interests of the Debtors, their estates, their creditors, and all parties in interest, and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Contracts and Leases identified in **Annex A** attached hereto are rejected as set forth herein, including, to the extent applicable, any agreements, amendments, modifications, and subleases related thereto, effective as of the date set forth for such Contract or Lease on **Annex A** (the "*Rejection Date*").   Upon the Rejection Date, the Debtors shall use reasonable efforts to provide information, including but not limited to Lease-related information regarding utilities and the related accounts at the respective premises, as may be reasonable requested by the applicable rejection counterparty.   In the event not previously provided, the Debtors shall, upon request by the applicable rejection counterparty, use reasonable efforts to return or provide access to all keys, key codes, security codes, or alarm system codes to the affected rejection counterparty.

2.      The Debtors are authorized, after consultation with counsel to the WBS Ad Hoc Group, to close the Company-owned restaurants associated with the Leases identified on **Annex A**. To the extent the Debtors are subject to any state Fast Pay Laws in connection with the restaurant closures, the Debtors shall be presumed to be in compliance with such laws to the extent, in applicable states, such payroll payments are made by the later of: (i) the Debtors' next regularly scheduled payroll and (ii) seven (7) calendar days following the termination date of the relevant employee, and in all such cases consistent with, and subject to, any previous orders of this Court regarding payment of same.

3.      The Debtors are not required to comply with any termination procedures set forth in the Contracts and Leases, or any documents related thereto, and are relieved of any and all

payments or other performance obligations due under the Leases incurred after the Rejection Date. Notwithstanding the foregoing, nothing herein shall prevent any affected counterparties' rights to file a proof of claim for recovery, including but not limited to recovery for rejection damages or administrative claims, subject to any applicable bar date.

4.      The Debtors are authorized to abandon the Abandoned Property free and clear of all liens, claims, encumbrances, interests and rights of the Debtors.  All Abandoned Property remaining at the premises as of the Rejection Date is deemed abandoned pursuant to section 554 of the Bankruptcy Code, and the Landlords may dispose of the Abandoned Property on and after the Rejection Date in their sole and absolute discretion without further notice to or the approval from the Debtors or any third party, except as otherwise provided herein.  To the extent applicable, the automatic stay is modified to permit such use or disposition, including but not limited to the transfers of title by the applicable Debtor(s).  Notwithstanding anything to the contrary in this Order, nothing herein shall affect the rights and interests of any third parties, including but not limited to Ecolab Inc., and PepsiCo Sales, Inc., its affiliates, or its affiliated bottlers, in any of their property located at the Premises.  To the extent applicable, the automatic stay is modified to allow any third party (including but not limited to landlords and sublandlords) to recover and to dispose of the Abandoned Property without notice or liability to the Debtors or their estates and without further notice or order of the Court.  Landlord Counterparties shall reasonably cooperate with any third parties to facilitate the turnover and removal of any tangible personal property owned by such third parties remaining in the Premises after the Rejection Date.

5.      Notwithstanding any other provision of this Order, (i) the Debtors are not authorized to abandon, and are directed to remove, any hazardous materials as defined under applicable law from any leased premises as and to the extent they are required to do so by

3

applicable law and (ii) to the extent the Debtors seek to abandon personal property that contains any "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code, or other personal and/or confidential information about the Debtors' employees and/or customers, or any other individual (the "***Confidential Information***"), the Debtors shall remove the Confidential Information from such personal property before abandonment.

6. Consistent with the limitations of section 362 of the Bankruptcy Code, and any other applicable law, the Landlords are prohibited from setting off or otherwise utilizing any amounts deposited by the Debtors with any of the Landlords as a security deposit or pursuant to another similar arrangement, or owed to the Debtors by any of the Landlords under the Leases or other agreements between the same parties, without further order of the Court.

7. Third parties shall not impede or interfere in any manner with the Debtors' removal of their equipment or other property from the Premises based on any claims, financial or otherwise, against the Debtors whether arising prepetition or postpetition.

8. Any claims based on the rejection of the Contracts and Leases shall be filed no later than the later of (i) the general bar date established in the Chapter 11 Cases and (ii) thirty (30) days after the later of (a) the entry of the applicable Rejection Order and (b) the Rejection Date.

9. Except as expressly set forth in this Order, nothing in this Order is intended to be or shall be deemed: (i) an implication or admission as to the amount of, basis for, or validity of any claim against the Debtors; (ii) a waiver or limitation of the Debtors' or any other party in interest's right to dispute the amount of, basis for, or validity of any claim; (iii) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable non-bankruptcy law; (iv) a waiver of the obligation of any party in interest to file a proof of claim; (v) a promise or requirement to pay any particular claim; (vi) a waiver of any claims or causes of

action which may exist against any entity under the Bankruptcy Code or any other applicable law; (vii) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (viii) an admission that any lien satisfied pursuant to this Order is valid (and all rights to contest the extent, validity, or perfection or seek avoidance of all such liens are expressly reserved); or (ix) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code (other than the rejection of the Contracts and Leases).

10.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

11.     The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

12.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: _____, 2026

_____

UNITED STATES BANKRUPTCY JUDGE

5

**Annex A**

**Rejected Contracts or Leases**

**EXECUTORY CONTRACTS AND UNEXPIRED LEASES OTHER THAN NONRESIDENTIAL REAL PROPERTY LEASES**

| Contract Counterparty Name and Address | Debtor Party | Title/Description of Contract | Rejection Date |
|---|---|---|---|
|  |  |  |  |

**UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES[1]**

| Landlord | Debtor Party | Address of Subject Property | Rejection Date | Description of Abandoned Property |
|---|---|---|---|---|
|  |  |  |  |  |

---

[1] The Debtors have listed the applicable counterparty to each Lease in accordance with a review of their books and records.  For the avoidance of doubt, the Debtors are rejecting any and all unexpired leases, including any agreements, master leases, subleases, riders, schedules, certificates, memoranda, amendments, supplements, guaranties, and any other documents related thereto with respect to each address set forth on this exhibit, notwithstanding any difference between the counterparty named in such agreements or documents and the counterparties set forth herein.