**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re:<br>FAT BRANDS INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 26-90126 (ARP)<br><br>(Jointly Administered)<br><br>**Re: D.I. 599** |

**LIMITED OBJECTION OF DOORDASH, INC. TO CURE AMOUNT AND PROPOSED
ASSUMPTION IN CONNECTION WITH NOTICE OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES THAT MAY BE ASSUMED AND ASSIGNED IN
CONNECTION WITH THE SALE OF THE DEBTORS' ASSETS AND THE
PROPOSED CURE COSTS WITH RESPECT THERETO AND
RESERVATION OF RIGHTS**

DoorDash, Inc. ("DoorDash"), by and through its undersigned counsel, hereby files this
Limited Objection to the *Notice of Executory Contracts and Unexpired Leases That May Be
Assumed and Assigned In Connection with the Sale of the Debtors' Assets and the Proposed Cure
Costs with Respect Thereto* (the "Cure Notice") [D.I. 599], and in support thereof, respectfully
states as follows:

**BACKGROUND**

1.      On January 26, 2026 (the "Petition Date"), the above-captioned debtors (the
"Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code
(the "Bankruptcy Code").[2]  Since the Petition Date, the Debtors have continued to manage their
properties and operate their businesses as debtors in possession pursuant to sections 1107 and 1108

---

[1]      A complete list of the Debtors in the Chapter 11 Cases and the last four digits of each Debtor's taxpayer
identification number (if applicable) may be obtained on the website of the Debtors' claims and noticing
agent at https://omniagentsolutions.com/FATBrands-TwinHospitality. The Debtors' mailing address for
purposes of the Chapter 11 Cases is 9720 Wilshire Blvd., Suite 500, Beverly Hills, CA 90212.

[2]      Certain Debtors filed after the Petition Date, but the vast majority of Debtors filed on the Petition Date.

of the Bankruptcy Code.

2.       On April 9, 2026, the Court entered an Order [Docket No. 595] approving bidding procedures (the "Bidding Procedures Order") in connection with potential sales of the Debtors' assets. The Bidding Procedures Order provided for procedures for the Debtors to proposed cure amounts in connection with certain executory contracts.

3.       DoorDash and certain Debtors are parties to executory contracts.

4.       The business relationships between DoorDash and such Debtors are governed by certain master contracts, with additional services and agreements between the parties documented through amendments, addenda, and supplements to the base contracts.

5.       Specifically, DoorDash's business obligations to and with the Debtors related to the Cure Notice are governed primarily by six[3] master contracts (collectively, the "MSAs"):

- That certain DoorDash Drive Master Services Agreement, dated as of June 6, 2019, by and between GFG Management, LLC and DoorDash (the "GFG MSA")[4]

- That certain Delivery & Promotion Agreement, dated as of November 19, 2019, by and between Fazoli's Joint Venture, Ltd. and DoorDash (the "Fazoli's MSA")

- That certain DoorDash Drive Fulfillment Agreement, dated as of September 21, 2020, by and between FAT Brands Inc. and DoorDash (the "FAT Brands MSA")

- That certain Delivery & Promotion Agreement, dated as of June 11, 2018, by and between Fatburger North America Inc. and DoorDash (the "Fatburger MSA")

---

[3]       DoorDash notes that it has a separate Merchant Services Agreement with debtor Twin Restaurant Holdings, LLC (the "Twin MSA") and a Merchant Sign-up Sheet with Native Grill & Wings Franchising LLC (the "Native Grill MSA"), but those contracts are not included in the Cure Notice. DoorDash's records show $3,762.95 owing under the Twin MSA and $16,545.50 as due under the Native Grill MSA. To the extent Debtors seek to assume and assign either of these MSAs, these defaults would need to be cured first.

[4]       DoorDash attaches that certain Marketplace Fulfillment Addendum (which references the GFG MSA) in place of the GFG MSA while DoorDash continues to review its files to locate the underlying agreement.

- That certain Delivery & Promotion Agreement, dated as of June 11, 2018, by and between Buffalo's Franchise Concepts Inc. and DoorDash (the "Buffalo's MSA")

- That certain Delivery & Promotion Agreement, by and between Barbeque Integrated, Inc. and DoorDash (the "Barbeque MSA")[5]

6. Access to DoorDash promotional services, the DoorDash Drive program, and other services provided by DoorDash flows from these MSAs. True and correct copies of these MSAs are attached hereto as **Exhibit A**.

7. On April 10, 2026, the Debtors filed the Cure Notice. The Cure Notice appears to separate certain amendments, addenda, and supplements to or of the MSAs and proposed different cure amounts for different pieces of the overall contracts. *See* D.I. 599, Cure Notice, at Nos. 143-44. It is unclear why the Debtors have separated out subparts of contracts for assumption (for example, line items 6882, 6885, and 6889 are listed as addenda to other agreements without clearly specifying that the underlying contract is being assumed).

8. It is difficult to understand exactly what the Debtors proposed to assume and assign because the agreements are not listed in the Cure Notice by MSA and some are barely identified at all (for example, one contract is simply described as "executory contract"). To the extent that DoorDash has misunderstood what contracts the Cure Notice is referring to, DoorDash reserves the right to supplement this objection.

9. Under the MSAs, the Debtors owe DoorDash not less than $1,561,416 for amounts that are currently past-due. True and correct copies of summary statements of account reflecting such amounts due are attached hereto as **Exhibit B**.

10. DoorDash notes that many of these invoices are tied directly to the business line

---

[5] DoorDash attaches that certain Marketplace Marketing Promotions Addendum (which references the Barbeque MSA) in place of the Barbeque MSA while DoorDash continues to review its files to locate the underlying agreement.

being served by the promotional services provided by DoorDash, as opposed to being invoiced to a specific legal entity. For example, invoices related to the Round Table Pizza business line are addressed to "Fat Brands (Round Table Advertising)." The amounts owing for those invoices arise under the DoorDash Drive Fulfillment Agreement, dated as of September 21, 2020, by and between FAT Brands Inc. and DoorDash.[6]

11. DoorDash notes that it continues to reconcile and review its records and, as such, it reserves all rights to modify all such amounts as necessary or in connection with any discussions with the Debtors. However, its current books and records indicate the following cure amounts for each MSA:

| MSA | Total Amount Owed | Addressee of Relevant Invoices |
|---|---|---|
| GFG MSA | $260,699.58 | Marble Slab Brand and Marketing Fund, LLC ($143,257.44 total); Great American Cookies Brand ($59,854.74 total); Pretzelmaker Brand & Marketing Fund, LLC ($57,587.40) |
| Fazoli's MSA | $2,577.30 | Fazoli's System Management, LLC |
| FAT Brands MSA | $1,213,483.89 | Hurricane Media Fund ($43,749.12 total); FAT Brands (Round Table Advertising Fund) ($1,169,734.77 total) |
| Fatburger MSA | $406.38 | Fatburger North America Inc. |
| Buffalo's MSA | $10,390.54 | Buffalo's Café Brand & Marketing Fund, LLC |
| Barbeque Integrated MSA | $73,858.11 | Barbeque Integrated, Inc. ($23,680.90); Barbeque Integrated Inc. d/b/a Smokey Bones ($50,177.21) |

---

[6] DoorDash notes that this does not mean that the Round Table debtors are not liable for such amounts but rather that the assumption of that particular contract requires payment of the invoices related to the Round Table Advertising promotional work performed by DoorDash.

12.     DoorDash also notes that, prepetition, certain services under the MSAs were permanently terminated such that such services are not amenable to a cure and assumption under 11 U.S.C. § 365.

## LIMITED OBJECTION

13.     In order to assume an executory contract, the Debtors are required to cure defaults existing under such agreements pursuant to section 365(b)(1)(A) of the Bankruptcy Code, which provides in relevant part that "[i]f there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee … cures, or provides adequate assurance that the trustee will promptly cure, such default…" 11 U.S.C. § 365(b)(1)(A).   This includes both pre-petition and post-petition defaults. *See In re Senior Care Centers, LLC*, 607 B.R. 580, 589 (Bankr. N.D. Tex. 2019).

14.     Furthermore, 11 U.S.C. § 365 generally requires that a debtor assume all of a contract or reject all of a contract; debtors are not permitted to pick and choose favorable portions of an agreement to assume while rejecting other aspects of the contract. *See In re Escarent Entities, L.P.*, 423 F. App'x. 462, 466 (5th Cir. 2011) ("[a] debtor must assume the entire contract, *cum onere* – the debtor must accept both the obligations and the benefits of the executory contract.").

15.     Here, it is unclear whether the Debtors are proposing to only assume portions or subparts of the MSAs. To the extent that is the intent of the Debtors, DoorDash objects: the parties intentionally aggregated services around structured master contract and such contract structure should be respected as part of the assumption process.

16.     In addition, as noted above, DoorDash's records indicate different cure amounts owing. Although the aggregate cure amount proposed by the Debtors is not materially different

from the amounts DoorDash shows as owing, the parties appear to disagree on how those amounts are distributed across the relevant executory contracts. As noted above, DoorDash objects to any effort to assume an MSA without curing all defaults under such contract. For example, Debtors should not be able to assume the FAT Brands MSA for the benefit of the Round Table business line without paying the cure costs associated with invoices generated under that contract but for the benefit of Hurricane Media Fund because *it is the same contract*.

17. DoorDash continues to work with the Debtors on a postpetition basis. While many of the services are governed by a postpetition agreement, to the extent any defaults arise under the prepetition agreements, such defaults must be cured prior to assumption of the prepetition DoorDash MSAs and related supplements and addenda. DoorDash reserves the right to update its objection if any defaults occur.

18. Finally, DoorDash is entitled to adequate assurance of future performance by any proposed assignee of its contracts.  Due to timing, information regarding the potential assignee is currently unavailable, making it impossible for DoorDash to assess whether the Debtors or any proposed assignee can provide adequate assurance of future performance as required under Section 365(b)(1)(C). DoorDash reserves the right to raise adequate assurance objections once such information becomes available.

### RESERVATION OF RIGHTS

19. DoorDash specifically reserves its rights to amend and/or supplement this objection and the proposed correct cure amounts listed above.  DoorDash reserves the right to file further objections with respect to any proposed sale of the MSAs or assumption and assignment of the MSAs.  All objections and reservations asserted herein with respect to the proper cure amounts, adequate assurance, or otherwise apply with equal force to any proposed sale, assumption or

assignment.

WHEREFORE, DoorDash respectfully requests that the Court address DoorDash's issues raised herein with respect to the Cure Notice, and grant such further relief as is just and proper.

Dated: April 24, 2026

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

*/s/ Jacob H. Marhsall*
Jacob H. Marshall
Mary V. Gilmore
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606
Tel: (312) 212-4949
Email: jmarshall@beneschlaw.com
            mgilmore@beneschlaw.com

*Counsel to DoorDash, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 24, 2026, he caused the foregoing to be electronically filed with the Clerk of Court using the ECF system that will send notification of such filing to the parties indicated on the Notice of Electronic Filing, which includes the parties listed below.

 */s/ Jacob H. Marshall*
Jacob H. Marshall
*Counsel to DoorDash, Inc.*

**Fat Brands Inc., *et al.***
1166 Avenue of the Americas, Suite 300,
New York, NY 10036,
John C. DiDonato (jdidonato@hcg.com)
Abhimanyu Gupta (abhigupta@hcg.com)
**VIA Email**

**Counsel for the Debtors:**
Hutton Andrews Kurth LLP
600 Travis Street, Suite 4200
Houston, TX 77002
Timothy A. ("Tad") Davidson II (taddavidson@hunton.com)
Philip M. Guffy (pguffy@hunton.com)
**VIA ECF Noticing and Email**

Latham & Watkins LLP
1271 Avenue of the Americas
New York, New York 10020
Natasha Hwangpo (natasha.hwangpo@lw.com)
Randall Carl Weber-Levine (randall.weber-levine@lw.com)
Esteban Woo Kee (esteban.wookee@lw.com)
Dennis Mossberg (dennis.mossberg@lw.com)
**VIA ECF Noticing and Email**

Latham & Watkins LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Ted A. Dillman (ted.dillman@lw.com)
**VIA ECF Noticing and Email**

**Counsel to the WBS Ad Hoc Group**

White & Case LLP
609 Main Street, Suite 2900
Houston, Texas 77002
Charles R. Koster (charles.koster@whitecase.com)
**VIA ECF Noticing and Email**

White & Case LLP
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131
Brian Pfeiffer (brian.pfeiffer@whitecase.com)
Amanda Parra Criste (aparracriste@whitecase.com)
**VIA ECF Noticing and Email**

White & Case LLP
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Jason N. Zakia (jason.zakia@whitecase.com)
Adam T. Swingle (adam.swingle@whitecase.com)
**VIA ECF Noticing and Email**

**Counsel to the Creditors' Committee**
Paul Hastings LLP
200 Park Ave
New York, NY 10166
Kristopher M. Hansen
(krishansen@paulhastings.com)
Gabriel E. Sasson
(gabesasson@paulhastings.com),
**VIA ECF Noticing and Email**

Paul Hastings LLP
2001 Ross Avenue, Suite 2700,
Dallas, Texas 75201
Charles M. Persons
(charlespersons@paulhastings.com)
**VIA ECF Noticing and Email**

**The Office of the United States Trustee for Region 7, 515**
Rusk Street, Suite 3516
Houston, TX 77002
Jayson B. Ruff
(jayson.b.ruff@usdoj.gov)
Andrew Jimenez
(andrew.jimenez@usdoj.gov)
**VIA ECF Noticing and Email**