**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

---------------------------------------------------------------- x
                                   :

In re:                           :    Chapter 11
                                     :

FAT BRANDS INC., *et al.*,       :    Case No. 26-90126 (ARP)
                                     :

            Debtors.[1]          :    (Jointly Administered)
                                     :

---------------------------------------------------------------- x

**NOTICE OF CLOSURE OF STORES AND REJECTION OF**
**CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES**
**[Relates to Docket No. 541]**

> **PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS BELOW AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

On April 2, 2026, the United States Bankruptcy Court for the Southern District of Texas (the "***Court***") entered an order on the motion (the "***Motion***")[2] of debtors and debtors in possession (the "***Debtors***") approving procedures for the rejection of executory contracts and unexpired leases and granting related relief [Docket No. 541] (the "***Rejection Procedures Order***") attached hereto as **Schedule 1**.

Pursuant to the terms of the Rejection Procedures Order, the Debtors hereby provide notice (this "***Notice***") of their intent to close certain restaurants associated with the leases to be rejected, and reject the contracts and leases included in Annex A to the proposed order rejecting the Contracts and Leases (the "***Rejection Order***"), substantially in the form attached hereto as

---

[1]     A complete list of the Debtors in the Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number (if applicable) may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/FATBrands-TwinHospitality.  The Debtors' mailing address for purposes of the Chapter 11 Cases is 9720 Wilshire Blvd., Suite 500, Beverly Hills, CA 90212.

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

**Exhibit A**.  Pursuant to the terms of the Rejection Procedures Order, unless a written objection is filed and served in accordance with the terms of the Rejection Procedures Order, the following contracts and leases will be rejected pursuant to section 365(a) of the Bankruptcy Code, effective as of the date set forth in the Rejection Order (the "***Rejection Date***").

Any personal property including inventory, furniture, fixtures, equipment or other materials remaining at the premises subject to the unexpired nonresidential real property leases as of the Rejection Date shall be deemed abandoned by the Debtors to the applicable Landlord.

With respect to any personal property that is leased to the Debtors by a third party or owned by a third party, the automatic stay is modified to allow any third party (including but not limited to landlords and sublandlords) to recover and to dispose of the Abandoned Property without notice or liability to the Debtors or their estates and without further notice or order of the Court.  If any such personal property remains on the Premises after the Rejection Date, the Landlord may dispose of any and all such property as set forth in the Rejection Procedures Order.

Objections, if any, to this Notice must be filed and served so that such objection is filed with the Court and actually received by the following parties no later than ten (10) days after the date of filing of this Notice (the "***Rejection Objection Deadline***"):  (i) counsel to the Debtors, Latham & Watkins LLP, 1271 Avenue of the Americas, New York NY 10020, Attn: Ted A. Dillman (ted.dillman@lw.com), Natasha Hwangpo (natasha.hwangpo@lw.com), and Randall Carl Weber-Levine (randall.weber-levine@lw.com); (ii) co-counsel to the Debtors, Hunton Andrews Kurth LLP, 600 Travis Street, Suite 4200 Houston, TX 77002, Attn: Timothy A. ("Tad") Davidson II (taddavidson@hunton.com), Ashley L. Harper (ashleyharper@hunton.com), and Philip M. Guffy (pguffy@hunton.com); and (iii) Office of the United States Trustee for the Southern District of Texas, Attn: Jayson B. Ruff (jayson.b.ruff@usdoj.gov) (collectively, the

"*Objection Notice Parties*").   Each Objection must state, with specificity, the grounds for objection to the proposed Contract or Lease rejection or abandonment of personal property remaining on the Premises.

If no Objection is filed and served in compliance with the foregoing, then after the Rejection Objection Deadline the Debtors may file a certificate of no objection with the Bankruptcy Court, and the Bankruptcy Court may enter the proposed Rejection Order included in this Notice as **Exhibit A** without a hearing.

Pursuant to the terms of the Rejection Procedures Order, if no Objection is properly filed and served in compliance with the foregoing, the rejection of each Contract and/or Lease shall become effective as of the Rejection Date.[3]

If an Objection to this Notice is properly filed and served in compliance with the foregoing, a hearing will be scheduled to consider the Objection.   If the Objection is overruled or withdrawn, the effective date of rejection shall be the (i) Rejection Date; (ii) such other date to which the Debtors and the counterparty to the Objection have agreed; or (iii) such other date as determined by the Court.   If an Objection is filed for fewer than all of the Contracts and/or Leases included on this Notice, then, following the Rejection Objection Deadline, the Bankruptcy Court may enter the Rejection Order as to the Contracts and/or Leases set forth in this Notice that are not subject to an Objection without a hearing.

Pursuant to the terms of the Rejection Order, if the Debtors have deposited funds with a Counterparty as a security deposit or pursuant to some other arrangement, such Counterparty may

---

[3]   An objection to the rejection of any particular Contract listed in this Rejection Notice shall not constitute an objection to the rejection of any other contract listed in this Rejection Notice.  Any objection to the rejection of any particular Contract listed in this Rejection Notice must state with specificity the Contract to which it is directed.  For each particular Contract whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Rejection Notice and the Order.

not setoff or otherwise use such deposit without the prior authority of this Court or agreement of the Debtors.

Pursuant to the terms of the Rejection Procedures Order, any Rejection Order shall be served on the appropriate Counterparties no later than three (3) business days after entry of such order.

Pursuant to the terms of the Rejection Procedures Order, the deadline to file a proof of claim to assert any claim arising from the rejection of a Contract or Lease shall be the later of (i) the deadline to file general unsecured proofs of claim fixed by the Court; and (ii) 30 days after the entry of the Rejection Order.  If you do not timely file such proof of claim, you will not be treated as a creditor with respect to such claims for voting on any chapter 11 plan in the Chapter 11 Cases and shall be forever barred from asserting a claim for rejection damages arising from the rejection of the above-referenced Contracts and Leases and from participating in any distributions that may be made in connection with the Chapter 11 Cases on account of such barred claim unless otherwise ordered by the Court.

*[Remainder of page intentionally left blank.]*

Dated:   April 29, 2026
         Houston, Texas

Respectfully submitted,

*/s/ Timothy A. ("Tad") Davidson II*

**HUNTON ANDREWS KURTH LLP**
Timothy A. ("Tad") Davidson II (TX Bar No. 24012503)
Ashley L. Harper (TX Bar No. 24065272)
Philip M. Guffy (TX Bar No. 24113705)
600 Travis Street, Suite 4200
Houston, TX 77002
Telephone:  (713) 220-4200
Email:   taddavidson@hunton.com
         ashleyharper@hunton.com
         pguffy@hunton.com

– and –

**LATHAM & WATKINS LLP**
Ray C. Schrock (NY Bar No. 4860631)
Natasha Hwangpo (NY Bar No. 5222575)
Randall Carl Weber-Levine (NY Bar No. 5673330)
Ashley Gherlone Pezzi (NY Bar No. 5754213)
Thomas Fafara (NY Bar No. 6013445)
1271 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 906-1200
Email:   ray.schrock@lw.com
         natasha.hwangpo@lw.com
         randall.weber-levine@lw.com
         ashley.pezzi@lw.com
         thomas.fafara@lw.com

– and –

Ted A. Dillman (CA Bar No. 258499)
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone:  (424) 653-5500
Email:   ted.dillman@lw.com

*Co-Counsel for the Debtors*
*and Debtors in Possession*

5

## **EXHIBIT A**

**Proposed Rejection Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

```
-------------------------------------------------------- x
                                                         :
In re:                                                   :   Chapter 11
                                                         :
FAT BRANDS INC., et al.,                                 :   Case No. 26-90126 (ARP)
                                                         :
              Debtors.[1]                                :   (Jointly Administered)
                                                         :
-------------------------------------------------------- x
```

**ORDER (I) AUTHORIZING
DEBTORS TO CLOSE RESTAURANTS AND REJECT EXECUTORY
CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF**
**[Relates to Docket Nos. 541, [ ● ]]**

Pursuant to and in accordance with the *Order (I) Authorizing and Approving Procedures to Close Restaurants and Reject Executory Contracts and Unexpired Leases; and (II) Granting Related Relief* [Docket No. 541] (the "***Rejection Procedures Order***")[2] entered in the Chapter 11 Cases of the above-captioned debtors and debtors in possession (collectively, the "***Debtors***"); and the Debtors having properly filed with this Court and served on the Rejection Notice Parties a notice (the "***Rejection Notice***") of their intent to reject certain executory contracts (each, a "***Contract***" and collectively, the "***Contracts***") and unexpired leases (each, a "***Lease***" and collectively, the "***Leases***"), including the Contracts and Leases identified on **Annex A** hereto; in accordance with the terms of the Rejection Procedures Order, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and no timely objections having been filed to the Rejection Notice; and the

---

[1]   A complete list of the Debtors in the Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number (if applicable) may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/FATBrands-TwinHospitality.  The Debtors' mailing address for purposes of the Chapter 11 Cases is 9720 Wilshire Blvd., Suite 500, Beverly Hills, CA 90212.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Order.

Court having found and determined that the relief requested is in the best interests of the Debtors, their estates, their creditors, and all parties in interest, and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.  The Contracts and Leases are rejected as set forth herein, including, to the extent applicable, any agreements, amendments, modifications, and subleases related thereto, effective as of April 29, 2026 (the "***Rejection Date***").

2.  The Debtors are authorized, but not directed, after consultation with counsel to the WBS Ad Hoc Group, to close the Company-owned restaurants associated with the Leases identified on **Annex A**.  To the extent the Debtors are subject to any state Fast Pay Laws in connection with the restaurant closures, the Debtors shall be presumed to be in compliance with such laws to the extent, in applicable states, such payroll payments are made by the later of: (i) the Debtors' next regularly scheduled payroll and (ii) seven (7) calendar days following the termination date of the relevant employee, and in all such cases consistent with, and subject to, any previous orders of this Court regarding payment of same.

3.  The Debtors are not required to comply with any termination procedures set forth in the Leases, or any documents related thereto, and are relieved of any and all payments or other performance obligations due under the Leases incurred after the Rejection Date.

4.  The Debtors are authorized to abandon the Abandoned Property free and clear of all liens, claims, encumbrances, interests, and rights of the Debtors.  All Abandoned Property remaining at the premises as of the Rejection Date is deemed abandoned pursuant to section 554 of the Bankruptcy Code, and the Landlords may dispose of the Abandoned Property on and after the Rejection Date in their sole and absolute discretion without further notice to or the approval

from the Debtors or any third party, except as otherwise provided herein.  To the extent applicable, the automatic stay is modified to permit such use or disposition, including but not limited to the transfers of title by the applicable Debtor(s).  Notwithstanding anything to the contrary in this Order, nothing herein shall affect the rights and interests of any third parties in any of their property located at the Premises.  To the extent applicable, the automatic stay is modified to allow any third party (including but not limited to landlords and sublandlords) to recover and to dispose of the Abandoned Property without notice or liability to the Debtors or their estates and without further notice or order of the Court.

5.      Consistent with the limitations of section 362 of the Bankruptcy Code, and any other applicable law, the Landlords are prohibited from setting off or otherwise utilizing any amounts deposited by the Debtors with any of the Landlords as a security deposit or pursuant to another similar arrangement, or owed to the Debtors by any of the Landlords under the Leases or other agreements between the same parties, without further order of the Court.

6.      Third parties shall not impede or interfere in any manner with the Debtors' removal of their equipment or other property from the Premises based on any claims, financial or otherwise, against the Debtors whether arising prepetition or postpetition.

7.      Any claims based on the rejection of the Leases shall be filed by a Landlord no later than the later of (i) the general bar date established in the Chapter 11 Cases and (ii) thirty (30) days following the Rejection Date.

8.      Except as expressly set forth in this Order, nothing in the Motion or this Order is intended to be or shall be deemed: (i) an implication or admission as to the amount of, basis for, or validity of any claim against the Debtors; (ii) a waiver or limitation of the Debtors' or any other party in interest's right to dispute the amount of, basis for, or validity of any claim; (iii) a waiver

3

of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable non-bankruptcy law; (iv) a waiver of the obligation of any party in interest to file a proof of claim; (v) a promise or requirement to pay any particular claim; (vi) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law; (vii) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (viii) an admission that any lien satisfied pursuant to the Motion is valid (and all rights to contest the extent, validity, or perfection or seek avoidance of all such liens are expressly reserved); or (ix) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code (other than the rejection of the Leases).

9.      Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

10.     The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

11.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: _____, 2026          _____
                                       UNITED STATES BANKRUPTCY JUDGE

4

**Annex A**

**Rejected Contracts or Leases**

[see attached]

**EXECUTORY CONTRACTS AND UNEXPIRED LEASES OTHER THAN NONRESIDENTIAL REAL PROPERTY LEASES**

| Contract Counterparty Name and Address | Debtor Party | Title/Description of Contract |
|---|---|---|
| Jordan Chirico<br>1121 Laurelwood<br>Carmel IN 46032 | FAT Brands Inc. | Consulting Agreement |
| Jordan Chirico<br>1121 Laurelwood<br>Carmel IN 46032<br><br>and<br><br>Indiana Capital Consulting LLC<br>1121 Laurelwood<br>Carmel IN 46032 | FAT Brands Inc. | Amendment to Consulting Agreement |
| Kodiak Financial LLC<br>14 Todd Road, Katonah, NY 10536<br><br>and<br><br>Robert G. Rosen<br>14 Todd Road, Katonah, NY 10536 | FAT Brands Inc. | Consulting Agreement |
| Kodiak Financial LLC<br>14 Todd Road, Katonah, NY 10536<br><br>and<br><br>Robert G. Rosen<br>14 Todd Road, Katonah, NY 10536 | FAT Brands Inc. | Amendment to Consulting Agreement |
| Space Factory Media, Inc<br>5151 Belt Line Road, Suite 1200<br>Dallas, Texas 75254 | Twin Hospitality Group, Inc | Agency Representation Agreement |
| Wynn Las Vegas LLC<br>3131 Las Vegas Blvd S.<br>Las Vegas, NV 89109 | FAT Brands Inc. | Sales Agreement |

## UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES[1]

| Landlord | Debtor Party | Street Address | City | State | Personal Property to be Abandoned |
|---|---|---|---|---|---|
| 11058 Santa Monica BLVD LLC | FB SAMO Sepulveda LLC | 11090 Santa Monica Blvd | Los Angeles | CA | Restaurant Equipment/Furnishings |
| 18 Universal Management, LLC | Barbeque Integrated Inc. | 2930 Stonecrest Circle | Lithonia | GA | Restaurant Equipment/Furnishings |
| Altitude Holdings TPM, LLC | Twin Restaurant Investment Company LLC | 14035 West Colfax Drive | Lakewood | CO | Restaurant Equipment/Furnishings |
| Arthur A.P Caddick Marital Trust c/o Plourde, Bogue, Moylan & Marino, LLP | Barbeque Integrated Inc. | 9484 Civic Centre Boulevard | West Chester | OH | Restaurant Equipment/Furnishings |
| AVR CPC Associates, LLC | Barbeque Integrated Inc. | 5555 Whittelsey Boulevard | Columbus | GA | Restaurant Equipment/Furnishings |
| Castillo ARG, Inc. | Barbeque Integrated Inc. | 8020 Citrus Park Drive | Tampa | FL | Restaurant Equipment/Furnishings |
| Cranberry Woods Properties, LP c/o Pacific Coast Management Group, Inc | Barbeque Integrated Inc. | 1708 Route 228 | Cranberry Township | PA | Restaurant Equipment/Furnishings |

---

[1] The Debtors have listed the applicable counterparty to each Lease in accordance with a review of their books and records. For the avoidance of doubt, the Debtors are rejecting any and all unexpired leases, including any agreements, master leases, subleases, riders, schedules, certificates, memoranda, amendments, supplements, guaranties, and any other documents related thereto with respect to each address set forth on this exhibit, notwithstanding any difference between the counterparty named in such agreements or documents and the counterparties set forth herein.

| Landlord | Debtor Party | Street Address | City | State | Personal Property to be Abandoned |
|---|---|---|---|---|---|
| FCPT | Barbeque Integrated Inc. | 5012 Expressway Drive South | Ronkonkoma | NY | Restaurant Equipment/Furnishings |
| Florida Blue Jay, LLC (Wooster) | Barbeque Integrated Inc. | 1023 County Road | Taunton | MA | Restaurant Equipment/Furnishings |
| GRAD Universal LLC. | Barbeque Integrated Inc. | 1905 North Roan Street | Johnson City | TN | Restaurant Equipment/Furnishings |
| Hans Ahn and Heeok Ahn | Barbeque Integrated Inc. | 1301 Kenneth Road | York | PA | Restaurant Equipment/Furnishings |
| Kazbun LLC | Barbeque Integrated Inc. | 4590 Virginia Beach Boulevard | Virginia Beach | VA | Restaurant Equipment/Furnishings |
| Kerbon, LLC | Barbeque Integrated Inc. | 2450 Scottsville Road | Bowling Green | KY | Restaurant Equipment/Furnishings |
| PA-EASTWAY/Millcreek Pavilion C/O CAFARO | Barbeque Integrated Inc. | 2074 Interchange Road | Erie | PA | Restaurant Equipment/Furnishings |
| Pegasus | Barbeque Integrated Inc. | 1405 Greenbrier Parkway | Chesapeake | VA | Restaurant Equipment/Furnishings |
| R & F Clay LLC | Barbeque Integrated Inc. | 4036 State Route 31 | Syracuse | NY | Restaurant Equipment/Furnishings |
| Realty Income | Barbeque Integrated Inc. | 1557 Central Avenue | Colonie / Albany | NY | Restaurant Equipment/Furnishings |
| Realty Income | Barbeque Integrated Inc. | 2660 South Dirksen Parkway | Springfield | IL | Restaurant Equipment/Furnishings |
| Realty Income | Barbeque Integrated Inc. | 31B Universal Boulevard | Warwick | RI | Restaurant Equipment/Furnishings |
| Realty Income | Barbeque Integrated Inc. | 303 North Alafaya Trail | Orlando | FL | Restaurant Equipment/Furnishings |
| Realty Income | Barbeque Integrated Inc. | 1510 West New Haven | Melbourne | FL | Restaurant Equipment/Furnishings |
| Realty Income | Barbeque Integrated Inc. | 6744 Miller Lane | Dayton | OH | Restaurant Equipment/Furnishings |
| Realty Income | Barbeque Integrated Inc. | 7725 Reynolds Road | Mentor | OH | Restaurant Equipment/Furnishings |

3

| Landlord | Debtor Party | Street Address | City | State | Personal Property to be Abandoned |
|---|---|---|---|---|---|
| Realty Income | Barbeque Integrated Inc. | 1203 Apple Glen Boulevard | Fort Wayne | IN | Restaurant Equipment/Furnishings |
| Realty Income | Barbeque Integrated Inc. | 3302 W Gate City Blvd | Greensboro | NC | Restaurant Equipment/Furnishings |
| Realty Income | Barbeque Integrated Inc. | 15209 Major Lansdale Blvd | Bowie | MD | Restaurant Equipment/Furnishings |
| Realty Income | Barbeque Integrated Inc. | 2693 Gulf to Bay Boulevard | Clearwater | FL | Restaurant Equipment/Furnishings |
| Realty Income | Barbeque Integrated Inc. | 1030 Pittsburgh Mills Boulevard | Tarentum | PA | Restaurant Equipment/Furnishings |
| RISING SUN STRINGTOWN, LLC | Barbeque Integrated Inc. | 1615 Stringtown Road | Grove City | OH | Restaurant Equipment/Furnishings |
| RPAI US Management, LLC | Barbeque Integrated Inc. | 2401 Lake Lansing Road | East Lansing | MI | Restaurant Equipment/Furnishings |
| Spring Ridge LP c/o S Ridge Management LLC | Barbeque Integrated Inc. | 2723 North Meridain Boulevard | Reading | PA | Restaurant Equipment/Furnishings |
| Taylor Square Owner LLC C/O CASTO | Barbeque Integrated Inc. | 2200 Baltimore Reynoldsburg Road | Reynoldsburg | OH | Restaurant Equipment/Furnishings |
| THF Greengate Development C/O TKG MANAGEMENT, INC | Barbeque Integrated Inc. | 100 Power Line Drive | Greensburg | PA | Restaurant Equipment/Furnishings |

4