**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

```
------------------------------------------------------------  x
                                                              :
In re:                                                        :   Chapter 11
                                                              :
FAT BRANDS INC., et al.,                                      :   Case No. 26-90126 (ARP)
                                                              :
              Debtors.¹                                       :   (Jointly Administered)
                                                              :
------------------------------------------------------------  x
```

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER
(I) EXTENDING THE EXCLUSIVE PERIODS TO FILE
AND SOLICIT A PLAN; AND (II) GRANTING RELATED RELIEF**

> **If you object to the relief requested, you must respond in writing.  Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed.  If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed.  Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned debtors in possession (collectively, the "***Debtors***") respectfully state as follows in support of this motion (this "***Motion***"):

**RELIEF REQUESTED**

1.      By this Motion, the Debtors seek entry of an order (the "***Proposed Order***"), substantially in the form attached hereto:  (i) extending by 90 days (a) the period during which the Debtors have the exclusive right to file a chapter 11 plan (the "***Exclusive Filing Period***") through and including August 24, 2026, and (b) the period during which the Debtors have the exclusive right to solicit a plan (the "***Exclusive Solicitation Period***," and together with the Exclusive Filing

---

[1]     A complete list of the Debtors in the Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number (if applicable) may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/FATBrands-TwinHospitality.  The Debtors' mailing address for purposes of the Chapter 11 Cases is 9720 Wilshire Blvd., Suite 500, Beverly Hills, CA 90212.

Period, the "***Exclusive Periods***") through and including October 26, 2026, without prejudice to the Debtors' rights to seek further extensions of the Exclusive Periods, and (ii) granting related relief. The Debtors' initial Exclusive Filing Period and Exclusive Solicitation Period are currently set to expire on May 26, 2026, and July 27, 2026, respectively.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Southern District of Texas (the "***Court***") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Court may enter a final order consistent with Article III of the United States Constitution.

3. Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

4. The statutory and legal predicates for the relief requested herein are sections 1121 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "***Bankruptcy Code***"), rule 9006 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "***Bankruptcy Local Rules***"), and the Procedures for Complex Cases in the Southern District of Texas.

## BACKGROUND

5. On January 26, 2026 (the "***Petition Date***"), the Debtors filed voluntary petitions in the Court commencing cases for relief under chapter 11 of the Bankruptcy Code (collectively, the "***Chapter 11 Cases***").  The Debtors continue to operate their businesses and manage their properties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.  On February 6, 2026, the Office of the United States Trustee for the Southern District of Texas appointed an official committee of unsecured creditors (the "***Committee***") [Docket No. 186].  No trustee or examiner has been appointed in the Chapter 11 Cases.

6. The factual background regarding the Debtors, including their business, their capital structure, and the events leading to the commencement of the Chapter 11 Cases, is set forth in the *Declaration of John C. DiDonato in Support of Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 15] (the "**First Day Declaration**"), which is fully incorporated herein by reference.[2]

### PROGRESS OF THE CHAPTER 11 CASES TO DATE

7. Since the Petition Date, the Debtors have worked diligently on numerous time-sensitive matters including, but not limited to, (i) implementing their first- and second-day relief and stabilizing their businesses, (ii) finalizing and implementing the terms of a mediated agreement that effectuated a change of the Debtors' governance [Docket No. 472], (iii) obtaining and maintaining access to debtor in possession financing ("**DIP Financing**") and use of cash collateral [Docket Nos. 503 & 564], (iv) negotiating and entering into numerous settlement agreements, and (v) engaging with the WBS Ad Hoc Group and the Committee on the terms of a chapter 11 plan.

8. The Debtors have also undertaken an extensive and expedited marketing and sale process to sell all, or substantially all, of their assets (the "**Sale Process**") in accordance with the *Order (I) Approving Bidding Procedures for Sale of Debtors' Assets; (II) Establishing Procedures for Debtors' Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith; (III) Scheduling Dates for an Auction and a Hearing to Consider Approval of Any Resulting Sale; (IV) Approving Form and Manner of Notices Related Thereto; and (V) Granting Related Relief* [Docket No. 595], which approved procedures for the sale of substantially all the Debtors' assets, including procedures for assumption and assignment of

---

[2] Capitalized terms used but not otherwise defined herein have the meaning assigned to them in the First Day Declaration.

executory contracts and unexpired leases (the "***Bidding Procedures***").  In connection therewith, the Debtors and their advisors prepared their initial cure schedules, reflected in the *Notice of Executory Contracts and Unexpired Leases that May Be Assumed and Assigned in Connection with the Sale of the Debtors' Assets and the Proposed Cure Costs with Respect Thereto* [Docket No. 599], and a revised version of such notice and cure schedules [Docket No. 1021].

9.      Furthermore, the Debtors have filed their schedules of assets and liabilities and statements of financial affairs [Docket Nos. 606-626, 628-892, 894-972] and established a bar date of May 15, 2026, for the filing of proofs of claims.  *See Order (I) Establishing Bar Dates and Related Procedures for the Filing of Proofs of Claim; (II) Approving the Form and Manner of Notice Thereof; and (III) Granting Related Relief* [Docket No. 993].

10.      The Debtors have also filed a variety of motions in the Chapter 11 Cases designed to ensure the smooth operations of their businesses, including the *Emergency Motion of Debtors for Entry of an Order (I) Authorizing and Approving Limited Key Employee Retention Plan for Non-Insider Employees and (II) Granting Related Relief* [Docket No. 550], which was granted at Docket No. 581.  The Debtors continue to engage in active discussions with the Committee and the WBS Ad Hoc Group regarding a consensual resolution to outstanding issues in the Chapter 11 Cases, as well as a framework for the responsible wind-down of the Chapter 11 Cases through a chapter 11 plan and an agreement regarding necessary funding to accomplish the same.

## BASIS FOR RELIEF

11.      Against the backdrop of this significant progress, and out of an abundance of caution to prevent any unnecessary litigation or disruptive filings, the Debtors now seek to extend the Exclusive Periods.

12.      The Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to file a

chapter 11 plan.  11 U.S.C. § 1121(b).  The Bankruptcy Code further provides that if a debtor files a plan within that 120-day period, it has a 180-day period from its petition date to solicit acceptance of its plan.  11 U.S.C. § 1121(c)(3).  This time of exclusivity affords a debtor an opportunity to propose a chapter 11 plan and solicit acceptances thereof without the potential value deterioration and disruption to business operations that would ensue from the filing and solicitation of competing plans by non-debtor parties.

13.      Under section 1121(d)(1) of the Bankruptcy Code, the Court may extend the Exclusive Periods "for cause."  Although the Bankruptcy Code does not define the term "cause" for purposes of section 1121(d) of the Bankruptcy Code, or establish formal criteria for an extension of the Exclusive Periods, the legislative history indicates that "cause" should be interpreted in such a way "to allow the debtor to reach an agreement."  H.R. Rep. No. 95-595, at 231–32 (1978), as reprinted in 1978 U.S.C.C.A.N. 5963, 6191.  Bankruptcy courts are accorded broad discretion in determining whether an extension of exclusivity is likely to promote the orderly, consensual, and successful reorganization of a debtor's affairs and, therefore, cause for such extension exists.  *See, e.g.*, *In re Timbers of Inwood Forest Assocs., Ltd.*, 808 F.2d 363, 372 (5th Cir. 1987) ("cause" under section 1121 should be viewed in context of the Bankruptcy Code's goal of fostering reorganization); *In re Mirant Corp.*, 2004 WL 2250986, at *2 (N.D. Tex. Sept. 30, 2004) (extension is often granted where "debtor showed substantial progress . . . in negotiations toward reorganization"); *see also In re Burns & Roe Enters., Inc.*, 2005 WL 6289213, at *4 (D.N.J. Nov. 2, 2005) (noting that the exclusive periods under section 1121 of the Bankruptcy Code are intended "to promote an environment in which the debtor's business may be rehabilitated and a consensual plan may be negotiated" (quoting H.R. Rep. No. 103-835, at 36 (1994), as reprinted in 1994 U.S.C.C.A.N. 3340, 3344)).

14.     Courts may consider a variety of factors in determining whether "cause" exists to extend a debtor's exclusive period for filing a plan, including:

(i)      the size and complexity of the case;

(ii)     the need for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

(iii)    whether the debtor has made progress in negotiations with its creditors;

(iv)     the existence of good-faith progress toward reorganization;

(v)      whether the debtor is seeking to extend exclusivity to pressure creditors to accede to the debtor's reorganization demands;

(vi)     whether the debtor has demonstrated reasonable prospects for filing a viable plan;

(vii)    the fact that the debtor is paying its bills as they become due;

(viii)   the amount of time which has elapsed in the case; and/or

(ix)     whether an unresolved contingency exists.

*See, e.g.*, *In re New Millennium Mgmt., LLC*, 2014 WL 792115, at *6 (Bankr. S.D. Tex. Feb. 25, 2014) (listing factors relevant to whether "cause" exists to extend exclusivity periods) (citing *In re GMG Cap. Partners III, L.P.*, 503 B.R. 596 (Bankr. S.D.N.Y. 2014)).  Not all factors are relevant to every case, and the presence of only a subset of the above-listed factors may be sufficient to extend a debtor's exclusivity periods.  *See, e.g.*, *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (listing all nine factors but relying on only four in determining whether there was "cause" to extend exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (finding that the debtor showed "cause" to extend exclusivity based upon three of the factors); *In re Pine Run Trust, Inc.*, 67 B.R. 432, 435 (Bankr. E.D. Pa. 1986) (relying on two factors in holding that cause existed to extend exclusivity).

15.     The application of these factors to the facts and circumstances of the Chapter 11 Cases demonstrates that the requested extension of the Exclusive Periods is both

appropriate and necessary.  *First*, the size and complexity of the issues attendant to the Chapter 11 Cases warrants approval of the requested relief.  The Debtors comprise 183 affiliated entities operating in multiple jurisdictions, with significant funded indebtedness and a complex capital structure of more than $1 billion of funded indebtedness, including multiple whole-business securitization facilities and other non-securitization debt.  The Chapter 11 Cases have involved numerous first day motions, employment of a broad slate of professionals, and the administration of assets and claims across a substantial number of subsidiaries.  The complexity of the Chapter 11 Cases is further evidenced by the contested hearings and litigation surrounding the Debtors' governance and obtaining and maintaining access to DIP Financing and use of cash collateral [Docket Nos. 503 and 564].

16.     *Second*, termination of the Exclusive Periods at this juncture would adversely impact the Debtors' efforts to preserve and maximize the value of their estates and advance the Chapter 11 Cases.  The Debtors are presently engaged in a Court-approved Sale Process [Docket No. 595], whereby the Court approved procedures for the sale of substantially all the Debtors' assets.  If exclusivity were terminated, the Debtors could face the prospect of competing plans, which would introduce uncertainty and potentially delay or derail the progress made toward a value-maximizing resolution.  Granting the requested extensions will allow the Debtors to focus on finalizing their restructuring strategy via consummation of asset sales and moving toward plan confirmation without the distraction, cost, and delay associated with a competing plan process. *See In re Energy Conversion Devices, Inc.*, 474 B.R. 503, 507 (Bankr. E.D. Mich. 2012) ("In enacting 11 U.S.C. § 1121, Congress intended to allow the debtor a reasonable time to obtain confirmation of a plan without the threat of a competing plan.  It was intended that at the outset of a Chapter 11 case a debtor should be given the unqualified opportunity to negotiate a settlement

and propose a plan of reorganization without interference from creditors and other interests.")
(citation and internal quotation marks omitted).

17.     *Third*, the Debtors have obtained critical first day relief, secured DIP Financing on an interim basis, retained necessary professionals, successfully negotiated numerous settlement agreements to resolve outstanding disputes, and filed their schedules and statements, and implemented procedures for claims and professional compensation.  The Debtors have also advanced their sale and restructuring efforts, including ongoing engagement with the WBS Ad Hoc Group and the Committee regarding the terms of a chapter 11 plan, which demonstrates meaningful progress toward a successful reorganization and satisfaction of the third and fourth factors.

18.     *Fourth*, the Debtors do not seek the extension of the Exclusive Periods as a means to exert pressure on the relevant parties in interest.  Instead, the extension will allow the Debtors to continue making progress with key stakeholders.  The Debtors seek the requested extension of the Exclusive Periods out of an abundance of caution simply to ensure the progress made to date is not upended by a potential loss of their Exclusive Periods.  In the context of the Chapter 11 Cases, granting the requested extensions of the Exclusive Periods will not pressure the Debtors' creditor constituencies or grant the Debtors any unfair bargaining leverage.  Accordingly, the fifth factor weighs in favor of extending the Exclusive Periods.

19.     *Finally*, the Debtors continue to make timely payments on their undisputed postpetition obligations.  Accordingly, the seventh factor weighs in favor of extending the Exclusive Periods.

20.     For each and all of the foregoing reasons, good cause exists to extend the Exclusive Periods pursuant to section 1121(d) of the Bankruptcy Code.

## NOTICE

21.      Notice of this Motion will be provided to the parties on the Debtors' Master Service List and all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, under the circumstances, no other or further notice is required.

22.      A copy of this Motion is available on (i) the Court's website, at www.txs.uscourts.gov, and (ii) the website maintained by the Debtors' Claims and Noticing Agent, Omni Agent Solutions, Inc., at https://omniagentsolutions.com/FATBrands-TwinHospitality.

*[Remainder of page intentionally left blank.]*

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order, granting the relief requested in this Motion and such other relief as may be just and proper.

Dated:  April 30, 2026
    Houston, Texas

Respectfully submitted,

*/s/ Timothy A. ("Tad") Davidson II*

**HUNTON ANDREWS KURTH LLP**
Timothy A. ("Tad") Davidson II (Texas Bar No. 24012503)
Ashley L. Harper (Texas Bar No. 24065272)
Philip M. Guffy (Texas Bar No. 24113705)
600 Travis Street, Suite 4200
Houston, TX 77002
Telephone:  (713) 220-4200
Email:  taddavidson@hunton.com
   ashleyharper@hunton.com
   pguffy@hunton.com

- and -

**LATHAM & WATKINS LLP**
Ray C. Schrock (NY Bar No. 4860631)
Natasha Hwangpo (NY Bar No. 5222575)
Randall Carl Weber-Levine (NY Bar No. 5673330)
Ashley Gherlone Pezzi (NY Bar No. 5754213)
Thomas Fafara (NY Bar No. 6013445)
1271 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 906-1200
Email:  ray.schrock@lw.com
   natasha.hwangpo@lw.com
   randall.weber-levine@lw.com
   ashley.pezzi@lw.com
   thomas.fafara@lw.com

- and -

Ted A. Dillman (CA Bar No. 258499)
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone:  (424) 653-5500
Email:   ted.dillman@lw.com

*Co-Counsel for the Debtors and Debtors in Possession*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on April 30, 2026, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on those parties registered to receive electronic notices.

*/s/ Timothy A. ("Tad") Davidson II*
Timothy A. ("Tad") Davidson II

11